Veal *vs.* Perkerson.

JOSEPH E. VEAL, administrator, plaintiff in error, *vs.* A. M. PERKERSON, deputy sheriff, defendant in error.

1. Where, on a rule against a sheriff for failure to sell realty levied on, it appeared, from his answer, which was not traversed, that a claim had been interposed, and that through inadvertence, the magistrate, who took the claimant's affidavit, failed to sign the jurat, but that to the best of the sheriff's knowledge and belief the affidavit was sworn to before the magistrate; and it also appeared that there was a failure to insert any amount of penalty in the claim bond; and it was agreed between the parties that the Justice of the Peace, and the surety upon the claim bond " are to be considered as present and ready to consent to or make any amendment or certificate of or pertaining to the claim papers consistent with the facts of the case, which at that stage of the proceedings, could legally be made," and it further appeared that the client was also willing to the correction, and an order was taken refer- ing the cause to the Judge at Chambers:

*Held,* That the decision of the Judge permitting the magistrate to sign the *jurat nunc pro tunc* was a finding upon the issue of fact as to whether the affidavit had been sworn to or not before the magistrate, which was warranted, in the absence of contradiction, by the sheriff's answer, that to the best of his knowledge and belief it had been so sworn to.

2. It was not error, as a matter of law, to permit the signing *nunc pro tunc.*

3. The obligors consenting, the bond was properly adjudged to be amendable.

Rule against sheriff. Amendment. Claim. Before Judge HOPKINS. Fulton county. At Chambers. February 15th, 1872.

At the October Term, 1871, of Fulton Superior Court, a rule *nisi* issued in favor of Joseph E. Veal, as administrator of William L. Skidmore, deceased, against A. M. Perkerson, deputy sheriff, stating that an execution in favor of said administrator, against Virgil S. Allen, principal, and Jefferson Johnson, security, for the sum of $485 30, principal, besides interest and costs, had been levied by said Perkerson on certain real estate, as the property of the defendant Allen, on June 24th, 1871, and had been returned to the clerk's office, unexecuted, having attached to the same a pretended claim

Veal *vs.* Perkerson.

affidavit in favor of John. R. Merchant, trustee, not made before or tested by any person or officer, and a pretended claim bond with no sum specified therein, the penal part being left blank, requiring said Perkerson to show cause why a rule absolute should not issue against him for the amount of said execution.

The deputy sheriff answered that the claim affidavit and bond were accepted by him, believing that the same were sufficient; that the omission to fill the blank in the bond was casual and accidental; that to the best of respondent's knowledge and belief the claim affidavit was sworn to before Robert A. Johnson, a Justice of the Peace; that the said Justice of the Peace being now in Court, respondent moves that he be permitted to sign the affidavit *nunc pro tunc;* that the security on said bond being present, respondent moves that the bond, with his consent, be amended by inserting in the blank an amonnt equal to double the sum due on the execution; that the filing of said claim prevented the money being made upon the execution by the sale of the property levied on.

By consent of all parties at interest an order was entered on the minutes, setting said cause down for a hearing in vacation.

The following agreement was also entered into: "In the argument of this motion before his Honor Judge Hopkins, had at chambers as provided by agreed order entered on the minutes in term, it is agreed that the Justice of the Peace, R. A. Johnson, and the security, W. L. Hubbard, are to be considered as present and ready to consent to or to make any amendment or certificate of or pertaining to the claim papers, consistent with the facts of the case, which, at that stage of the proceeding, could legally be made. It is further agreed, that for the purposes of this rule, all such amendments and certificates be treated as made at the hearing of the rule. It is further agreed, that either party have the right to except as if the case were heard in term."

. Upon the hearing the Court discharged the rule, and plaintiff excepted, and assigns said ruling as error.

E. N. BROYLES, for plaintiff in error.

1st. Affidavit not being attested is void: 1st Denio R., 429; 1st Ab. N. Y. Digest, 55; 20 Ga. R., 735; 1st Tidd's Pr., 491; 8 Ga., R., 521. Affidavit not amendable: Code, section 3454; 26 Ga. R., 436; *Ibid.*, 577; 28 Ga. R., 27; 20 Ga. R., 105; 7 Ga. R., 167.

2d. It was the duty of the officer to sell unless a legal claim was filed: 5 Ga. R., 576; 43 Ga. R., 250; 11 Ga. R., 298; 28 Ga. R., 613; 43 Ga. R., 213.

3d. The subsequent amendments cannot purge the sheriff of contempt: 11 Ga. R., 298; 28 Ga. R., 613; 43 Ga. R., 213; 30 Ga. R., 878.

HILLYER & BROTHER, for defendant:

1st. The sheriff can only be attached for a contempt: Code, sec. 3873.

2d. It is the oath that gives effect to the affidavit, and not the certificate: Code, sec. 3446.

3d. The sheriff is not liable for such mistakes in bonds and affidavits in the absence of *mala fides:* 5 Ga. R., 178; 25 Ga. R., 463; 7 Ga. R., 448.

4th. It is not proposed to amend the affidavit, but merely the entry of the officer: Code, sec. 3446.

5th. Claim affidavit, being part of a proceeding already pending, is amendable: Code, sec. 3453, *et seq.*

MONTGOMERY, Judge.

1. Upon the hearing of this case before the Supreme Court, it was insisted by counsel for plaintiff in error that the agreement entered into between the counsel, and which is set forth in the statement of facts by the Reporter, was not intended to admit, and does not by its terms admit, that the claim affidavit was, in truth, sworn to before the magistrate. The counsel is, perhaps, correct in his interpretation of the language used in the agreement. But if not admitted, then it

was one of the issues submitted by the consent order to the Judge, and he has found the issue in favor of the claimant, this finding is the verdict of the tribunal selected by the parties to try the case, and is supported by the answer of the sheriff, that, to the best of his knowledge and belief, it was so sworn to, and this answer is not contradicted or excepted to. We think, therefore, that the finding of the Judge is conclusive as to the issue of fact raised.

2. Was he right in permitting the magistrate to sign the *jurat, nunc pro tunc?* In other words, is the *jurat* amendable so as to make it speak the truth? Different forms are required by the rules of the different English Courts to be complied with in the *jurats* to affidavits intended to be used before those Courts: 1 Tidd's Pr., 495. In the common pleas, if the month be omitted in the *jurat* of an affidavit of the delivery of a declaration against a prisoner in custody, it is defective and cannot be amended : Wood *et al. vs.* Stephens, a prisoner, 3 Moore, 236. " But, though the omission of the form directed to be inserted in the *jurat* of an affidavit, may be an objection to its being received in the Court, whose rules have not been complied with, yet, still, it seems that perjury can be assigned upon it :" 1 Tidd, 496. I know of no rule of Court or law in Georgia prescribing any special form of *jurat* to an affidavit. The *jurat* is no part of the affidavit proper. Where a law requires a copy of an affidavit to be served upon the adverse party, it is not necessary to serve a copy of the *jurat :* Livingston *vs.* Chatham, 2 Johns., 479 ; unless, without it, facts stated may be unintelligible : Union Furnace Company *vs.* Shepherd, 2 Hill, (N. Y.,) 413. And even then the magistrate's name may be omitted : Chase *vs.* Edwards & Bull, 2 Wend., 283. If, then, the *jurat* is no part of the affidavit proper, why should it not be amendable? It is no part of the oath—simply an officer's entry. True, Judge Lumpkin, in *Birdsong & Sledge vs. McLaren,* 8 *Georgia,* 521, speaking for himself, thought an attachment affidavit wanting the magistrate's signature was fatally defective. Two observations may be made on that case: 1st. Though the point was in the case,

the other two Judges declined to put their judgment upon this ground, and refrained from expressing any opinion upon it. 2d. At that time, plaintiffs in attachment were held to a very strict compliance with the attachment laws, and almost any irregularity was held fatally defective. The weight of authority in the State is certainly against the opinion there expressed by Judge Lumpkin. Judge Alexander held differently in that case, and Judge Lumpkin's associates declined to overrule him on that ground. In the present case, Judge Hopkins, whose legal ability is unquestioned, holds with Judge Alexander. I cannot but think Judge Lumpkin failed to bring to the consideration of the point his usual powers of discrimination, and confounded the certificate authenticating the affidavit with the oath itself. The case relied on by him in 3 Caine's New York Reports is directly contrary to The People ex rel. Churchwell et al. vs. Rensselaer, 6 Wendell's New York Reports, 543. But clerks of the Superior Courts have authority to administer oaths and take affidavits in all cases permitted by law, etc.: Code, sec. 257. The mistake or misprision of a clerk or other ministerial officer shall, in no case, work to the injury of a party where, by an amendment, justice may be promoted: Code, 3456. A clerk of the Superior Court then had the power to take this affidavit; had he done so, the jurat might have been amended under the section last quoted. Does the fact that the affiant swore before a Justice put him in a worse position than he would have been in had he taken the oath before a clerk? We think the amendment was properly allowed to be made nunc pro tunc. That being so, the amendment relates back and makes the affidavit perfect ab initio, and the rule should not have been made absolute for this alleged defect.

3. The amendment of the bond was a matter entirely between the sheriff and the obligors; they consenting, the amendment was properly allowed. The sheriff's duty was to furnish the proper bond. If he did so, in good faith, before any possible harm could come to plaintiff, the latter had no cause of complaint: Rogers vs. May, 25 Georgia, 463; Colley vs. Mor-

Garner *et al. vs.* Gibbs.

*gan,* 5 *Ib.,* 178. Neither on this account, then, should the rule be made absolute against the sheriff.

Judgment affirmed.