Scroggins *vs.* The State of Georgia.

MARY SCROGGINS, plaintiff in error, *vs.* THE, STATE OF GEORGIA, defendant in error.

1. An affidavit neither attested by an officer authorized to administer oaths, nor purporting to be sworn to in open court, is void, as the basis of a criminal proceeding.

2. Criminal proceedings in a court of limited and special jurisdiction must show on their face the facts requisite to give the court authority, under the law, to try the case, pronounce sentence, and inflict punishment.

3. Where such a court is empowered by statute to try a misdemeanor upon written accusation founded on affidavit, provided the accused shall first indorse upon the accusation a waiver of indictment by the grand jury, a valid affidavit is essential; and if the affidavit be void, objection to it may be taken after conviction and sentence. In such case the whole trial is a nullity, and the conviction should be set aside by the superior court on *certiorari*.

4. Indorsement that the defendant waives indictment by the grand jury, and demands the jury allowed by law, is equivalent to the prescribed indorsement of "Indictment by the grand jury waived."

5. In acting on a petition for *certiorari*, it is error for the judge to withhold his sanction because of any fact which does not appear in the petition, or to hear from the magistrate, whose proceedings are complained of, any statement or explanation touching the case. What the magistrate has to say can be heard only through his return to the *certiorari* after it has been granted.

Criminal law. Affidavit. Jurisdiction. Indictment. *Certiorari*. Practice in the Superior Court. Before Judge CLARK. Sumter county. At Chambers. March 17th, 1875.

Reported in the opinion.

N. A. SMITH, for plaintiff in error.

C. F. CRISP, solicitor general; FORT & McCLESKY, for the state.

BLECKLEY, Judge.

Scroggins, as we gather from the record, is a colored girl, poor, and without means. She was arrested for an assault and battery upon a white girl, and carried before a justice of the peace living in the militia district in which the county

town of Sumter county is situated.  By an act of the general assembly, passed in 1873, pamphlet page 240, such justice, with a jury, if demanded by the accused, has power to try any misdemeanor, upon written accusation, founded upon affidavit, provided the accused by himself or counsel will sign on the accusation an indorsement in these words: "Indictment by the grand jury waived." The counsel of Scroggins signed an indorsement on the accusation, which ran thus: "The defendant waives indictment by the grand jury and demands the jury allowed by law." The trial proceeded, and the jury returned a verdict of guilty. Thereupon the justice sentenced the defendant to six months imprisonment in jail, or, by way of commutation, to pay a fine of $200 00.

The accused applied to the judge of the superior court for a *certiorari*, alleging as error that the affidavit was not attested by any officer author·zed to administer oaths; that the waiver on the accusation was not in the words prescribed; that the verdict was contrary to law and to evidence, and that the punishment was excessive and unusual.

The judge, before acting on the petition, received a communication from the justice of the peace, in which the justice asserted that, in point of fact, the affidavit was sworn to before him, and that he failed to attest it by oversight.  In refusing his sanction, the judge referred to this statement of the justice as an explanation.

The evidence was conflicting; that for the state showing that the defendant was one of four girls passing along the sidewalk, and, on meeting a young lady, that the defendant brushed up against her and then turned and struck her; the evidence for the defendant showing, on the contrary, that she was one of a party of three girls, and that she neither brushed up against the young lady nor struck her.

1. The affidavit was without attestation, and did not, even in the body of it, state before whom the oath was taken; nor did it purport to have been sworn to in open court.  Such an affidavit we deem utterly void, certainly so, when treated as the foundation of a summary criminal proceeding.  Even in

the civil proceeding of attachment, a similar affidavit, or one which was perhaps less defective, was considered void by so great a judge as Chief Justice LUMPKIN : 8 *Georgia Reports*, 521. And see 4 Ind., 524; 14 *Ibid.*, 109, 280; 1 Denio, 429; 4 Ark., 444. The case in 8 *Georgia Reports* is criticised in 47 *Georgia Reports*, 92.

2. It is to be remembered that the justice's court is one of limited and special jurisdiction, and as such, all the facts to entitle it to try, pass sentence and inflict punishment, ought to appear on the face of the proceedings : 7 *Georgia Reports*, 362; 13 *Ibid.*, 76, and cases cited.

3. The power to try misdemeanors is conferred by statute, with the specified waiver by the accused; but the trial must be upon accusation founded upon affidavit. Affidavit is essential, and if the instrument treated by the court and the parties as an affidavit, be void, there is no foundation for the proceeding; the whole trial is a nullity, and the conviction ought to be set aside by the superior court on *certiorari*. A valid affidavit being wanting, the bottom is knocked out of the case. It is a tub with only staves and hoops, and will hold nothing.

4. The waiver signed by defendant's counsel is equivalent to that prescribed by the statute. Were this the only difficulty in the case it would be hopeless for the plaintiff in error.

5. It was an inadvertance in the judge to receive a communication from the magistrate, and give heed to it. To pursue this practice habitually, would tend to demoralize the judiciary. A judge should no more listen to suggestions of fact outside of the record, than a jury outside of the evidence. A communication not authorized by law, and which varies the case made, might as well enter the jury room as the judge's chamber. The one ought to be repelled quite as promptly as the other. The magistrate, whose judgment is complained of, can be heard only through his return, after the *certiorari* has been granted. As the case will, perhaps, be again tried, we forbear to express any opinion on the sufficiency of the evidence. The punishment seems to us, under the evidence

set out in the petition, in a high degree rigorous; indeed, absolutely harsh ; but we do not feel warranted in pronouncing it so excessive or unusual, as to be, on that account, illegal.

Let the judgment be reversed.