3. The court charged: "The court charges you, if you believe Powers fixed a sidewalk for Mrs. Cope from a notice from the chief of the police that she must fix it, that he cannot offset that against the claim for rent; he would have to resort to some other means; you will not consider any evidence then as to the amount paid out for the sidewalk." Error, because the item of fixing the sidewalk was fully pleaded and proved without objection.

4. Verdict contrary to law and evidence.

L. D. MOORE, by brief, for plaintiff in error.
ALEXANDER PROUDFIT, contra.

---

SMITH v. WALKER.

1. Where an execution issued upon the foreclosure of a mortgage on personal property has been levied, an affidavit of illegality to such execution alleging that the deponent is not legally indebted to the plaintiff in any amount, and that the mortgage foreclosed is utterly without consideration and void, is, under section 3975 of the code, good in substance, and it was error to dismiss the same on a general demurrer for want of sufficiency.

2. The jurat being no part of the affidavit, a general demurrer to the sufficiency of the affidavit will not reach a defect in the jurat, such as failure to add to the name of the person who administered the oath his official designation. The jurat is amendable. *Veal* v. *Perkerson*, 47 *Ga.* 92; *Dickson* v. *Thurmond*, 57 *Ga.* 153.

January 8, 1894.                    *Judgment reversed.*

Affidavit of illegality. Before Judge BARTLETT. Crawford superior court. March term, 1893.

W. S. WALLACE, R. D. SMITH and J. H. HALL, for plaintiff in error.

L. D. MOORE, by C. A. TURNER, contra.