HERRON *v.* THE STATE.

1. On a motion in arrest of judgment, none of the evidence introduced in support of the indictment is relevant, or can be considered.
2. The indictment charging Charles Herron with the murder of "Lula Herring his wife," judgment will not be arrested on a verdict of guilty because the name of the wife was spelled "Herring" instead of "Herron."

March 19, 1894. Argued at the last term.

Motion to arrest judgment. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1893.

J. E. ROBINSON, for plaintiff in error.

J. M. TERRELL, attorney-general, and C. D. HILL, solicitor-general, *contra.*

LUMPKIN, Justice.

The indictment charged "Charles Herring" with the murder of "Lula Herring his wife." The accused filed a plea in abatement, alleging that his name was not Charles *Herring,* but Charles *Herron.* This plea was

sustained. Counsel for the accused then consented that. the indictment might be amended by changing the surname of the accused from "Herring" to "Herron." The solicitor-general, supposing this consent also authorized a change in the name of the woman alleged to have been murdered, amended her name accordingly. It was afterwards ascertained that this latter amendment was unauthorized by the consent, and thereupon the name of the woman was made to read "Lula Herring," as it originally stood, and the accused went to trial upon an indictment charging that he, "Charles Herron," murdered "Lula Herring his wife." He was found guilty, and without making a motion for a new trial, filed a motion in arrest of judgment on the ground that: "On the trial of said case, the proof showed that the woman defendant was charged with having killed was named Lula Herron, and not Lula Herring, and there was no proof that the deceased was ever known as Lula Herring, or ever called by that name. That this defect was not waived, but the evidence showing that it was Lula Herron that was murdered was objected to in every instance." Accompanying this motion was a so-called brief of evidence, in the following words: "The testimony of the witnesses showed that the woman defendant was charged with having killed was never known by the name of Lula Herring, but Lula Herron. There was no evidence controverting this fact, it having been proven both by the State's witnesses and defendant's witnesses." Written below was an agreement signed by counsel on both sides, to the effect that "the foregoing is a correct brief of the evidence, so far as relates to the question made by motion in arrest of judgment." This document was approved and ordered filed by the court.

If anything is settled law in this State, it is that a motion in arrest of judgment must be based upon a de-

·fect, or defects, appearing on the face of the record, and not predicated on extrinsic matter not so appearing. Code, §§3587, 3588. It is unnecessary to cite decisions showing that the law laid down in these sections is applicable to criminal cases.

It follows inevitably, from what is above stated, that none of the evidence introduced before the jury in support of the indictment was relevant, or could properly be considered by the court in passing upon the motion in arrest of judgment. In determining whether or not there was any merit in that motion, we must look solely to the indictment and the verdict; and so doing, we are bound to conclude that the jury, upon sufficient evidence, found true the charge that " Charles Herron " murdered a woman called " Lula Herring," and that she was his wife. His surname being " Herron," it would follow, as stated by the trial judge in a note appended to the motion, "that the wife should go by the same name," and this certainly is the common sense of the matter according to every-day experience. The only defect in the indictment, therefore, was that her name was spelled " Herring " instead of " Herron," and this certainly would not authorize any court to arrest the judgment. If " Herron " and " Herring " are not *idem sonans*, it is absolutely certain, taking the verdict to be true, that the accused murdered his wife Lula; and it makes no practical difference that there was a slight error in the spelling of her other name.

This case is not at all like that of *Lewis* v. *The State*, 90 *Ga.* 95. In that case there was a motion for a new trial, and the point that there was a fatal variance between the indictment and the evidence as to the person killed was thus properly made. Besides, the indictment did not allege that the deceased was the wife of the accused, though the proof showed she was. The first sentence in the reporter's statement that " Lewis was

charged with the murder of his wife, and was found guilty," is somewhat misleading. The fact that she was the wife of the accused was ascertained by the reporter from the evidence. It was not so charged in the indictment, as the statement would seem to indicate. So Lewis was indicted for murdering a woman named "Mirandy" Lewis, and the evidence showed that the woman he killed was his wife, and that her name was "Melinda" Lewis. Had the indictment charged that the deceased was the wife of the accused, the decision might have been otherwise, notwithstanding the variance between the indictment and the evidence as to her given name.    *Judgment affirmed.*