## BEACH *v.* AVERETT.

1. The fact that a jurat is not attached to an affidavit in a distress warrant for rent is an amendable defect, and does not render the warrant issued thereon void, when it appears that the oath was actually taken before the magistrate issuing the warrant.
2. The warrant is not void because the same is made returnable to "the next term of the court," without designating what particular court, especially when the magistrate issuing the warrant has jurisdiction to try any issue that may be made thereon by the defendant.

Submitted October 19, —Decided November 26, 1898.

Certiorari. Before Judge Gober. Talbot superior court. September term, 1897.

To a distress warrant sued out by Averett against Beach a counter-affidavit was interposed, and the case was tried before D. B. Searcy, N. P. and ex officio J. P. of the 886th district G. M. When the case was called for trial the defendant moved to dismiss the warrant, because it was not sworn to, and because it was not made returnable to the 886th district G. M. This motion was overruled. The plaintiff then proved his de-

mand, and the court rendered judgment in his favor. Defendant on certiorari alleged that the magistrate erred in overruling the motion to dismiss. The certiorari was overruled. In his answer the magistrate stated, that Averett made the required affidavit before him, and he (the magistrate) neglected to sign his name as witness; and that the warrant was returned to the proper district.

*J. J. Bull*, for plaintiff in error.

LEWIS, J. It appears from the record in the present case, that the oath upon which the justice's warrant for rent issued was in writing, and was in the usual form of an affidavit for rent due by a tenant to his landlord. The writing itself recites that the affiant appeared before the magistrate, the name of the magistrate and his official designation being given. This written oath was signed by the affiant who was the plaintiff below, but there was an absence of the officer's signature to the certificate that it was sworn to and subscribed before him. Following the affidavit was the distress warrant for rent, which recited on its face that the affiant made affidavit before the officer whose signature is attached to the warrant, and whose name appears in the body of the written oath.

1. The question before us for decision is, whether or not the absence of the jurat from such oath renders the entire proceeding absolutely void. To constitute a complete affidavit, three essential features are requisite: first, the written oath embodying the facts sworn to by the affiant; second, the signature of the affiant thereto; and third, the jurat or attestation, by an officer authorized to administer the oath, that the affidavit was actually sworn to and subscribed before him by the affiant. We think it is a matter of some significance in this case that under section 4818 of the Civil Code the justice may issue "a distress warrant for the sum claimed to be due, on the oath of the principal, his agent or attorney, in writing." The word "affidavit" is not used in this section, nor is there any special requirement that this written oath should be attested by the officer before whom it was taken. In Hyde *v.* Adams, 80 Ala. 111, it was held that, "If an affidavit for an attachment is in

fact made before the officer who issues the writ, it is not necessary that it shall be signed or certified by him; and a plea in abatement, 'because it was not signed by the clerk,' presents an immaterial issue." In the opinion delivered in that case by Clopton, J., pp. 112–3, it will be seen that this decision of the court was based upon a statute of the State which required the oath to be reduced to writing, and subscribed by the party, but was silent as to certification by the officer. But it is not necessary to base our decision in this case upon a like omission in the Georgia statute. Even construing the term "oath . . in writing," in the section of the code above cited, as meaning a formal affidavit, we do not think the absence of the officer's signature from the affidavit necessarily renders the proceeding absolutely void. The object of such a certificate is to furnish written evidence that the oath was actually taken by the affiant. It is not to be presumed, therefore, that the oath was actually administered without such proof appearing upon the face of the papers. It does not follow, however, that this is the only possible proof that is admissible upon the subject. In the case of Borough of Pottsville v. Curry, 32 Pa. St. 443, it was held: "An appeal from an award of arbitrators is not vitiated by an omission of the prothonotary to attest the jurat, if the record show that the affidavit was in fact made." Strong, J., in his opinion in that case on page 444, says: "It [the jurat] affords evidence that the oath was taken, but it is not the only possible evidence. When therefore the paper filed, being in form an affidavit, was found without an attestation, it was competent for the appellant to show by other evidence that the oath was made." In Cook v. Jenkins, 30 Iowa, 452, it was ruled: "Proceedings in attachment can not be successfully attacked on the ground that the jurat to the affidavit is not signed by the officer administering the oath, if it be shown that the affidavit was in fact sworn to before him." It will thus be seen from authority, that even where an affidavit constitutes the basis of a proceeding in court, and is essential to the validity of its processes, it is not indispensable that the jurat should be signed by the officer who administered the oath, the material question being whether or not the oath was actually administered and taken;

and in the absence of the officer's certificate to this effect, aliunde testimony may be received to establish this material fact.    In accord with this principle is the decision of this court in *Veal* v. *Perkerson*, 47 *Ga.* 92, where there was a failure of the officer to sign the jurat to an affidavit, and it was ruled that the judge committed no error in permitting the magistrate to sign the jurat nunc pro tunc, as he had other evidence before him that the oath had been actually administered.    In *Smith* v. *Walker*, 93 *Ga.* 252, it is decided that, the jurat being no part of the affidavit, a general demurrer to its sufficiency will not reach a defect in the jurat, such as failure to add to the name of the person who administered the oath his official designation.    This was an affidavit of illegality to an execution.    Especially will this rule not be relaxed in Georgia, on account of the liberality allowed by the statute to litigants amending their pleadings, extending not only to ordinary petitions, answers and pleas in court, but also to affidavits which constitute the foundation of summary process.    Civil Code, § 5122.    The better practice would be to require the magistrate, after proof of due administration of the oath, to attach his certificate to the jurat nunc pro tunc.    We do not believe, however, that this is absolutely indispensable to the legality of the proceeding, and will not reverse the judgment below because no such motion was made by. plaintiff in the distress warrant; no point being made thereon in the argument of the case here.

2. We find nothing in the statute which requires the officer issuing the distress warrant to make it returnable in the body of the warrant to any particular court.    The law imposes upon the officer executing the warrant the duty of returning it to the proper court, but imposes no obligation upon the justice issuing it to embody this mandate in the warrant itself.    But even if it did, we think the following words in the warrant before us sufficient to meet such requirement:    "And have you the said sums of money, together with this warrant, before the next justice's court to be held on the second Saturday in January, 1896, to render to the said Averett."    The justice who issued the warrant having jurisdiction of the sum involved, a

fair interpretation of these words is that his intention was to make the paper returnable to his court.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*