## STATE v. KINNEY.

The circuit court in which an information is entitled and filed takes judicial notice of its clerk and his signature affixed thereto.

A demurrer to an information on the ground that facts sufficient to constitute an offense are not stated does not reach an objection to the jurat thereto.

Under the statute requiring saloons to be closed on Sunday, it is no defense for the keeper of a saloon to show that his saloon was opened by his regularly employed bartenders contrary to his instructions.

Where, in a criminal case, there was no conflict in the evidence, it was error without prejudice to charge that the jury might disregard the uncorroborated testimony of any witness if satisfied that he testified falsely.

Where, on a trial for a misdemeanor involving no question of intent, the commission of the offense by accused was established by the undisputed evidence, it was proper to instruct the jury as to the legal effect of the evidence.

Where, on a trial of a keeper of a saloon for violating the Sunday law, the undisputed evidence proved that the saloon was open on Sunday, and the counsel for accused in open court admitted that accused was the proprietor of the saloon, and that it was open on Sunday, an instruction reciting the admission of counsel that a criminal offense had been committed, but without the knowledge of accused and against his express direction, was not prejudicial.

An instruction in a criminal case is not erroneous for assuming facts proved by the undisputed evidence and treated as proved by accused who denies the sufficiency of the evidence to justify a conviction.

While counsel for accused in a criminal case has no authority to enter a plea of guilty, his admission of facts in open court in the presence of accused, who offers no objection, is presumptively made with his consent.

(Opinion filed, August 29, 1907.)

Error to Circuit Court, Brule County. Hon. CHARLES H. WHITING, Judge.

Clyde Kinney was convicted of keeping a saloon open on Sunday, and he brings error. Affirmed.

*G. P. Harben,* for plaintiff in error. *S. W. Clark, Atty. Gen.,* and *J. E. House, State's Atty.,* for the State.

FULLER, P. J. Plaintiff in error was charged with and found guilty of the statutory offense of permitting his saloon to be kept open on Sunday, and here seeks a reversal on the ground

that C. A. Novotny, the clerk of the circuit court of Brule county, before whom the district attorney swore to the information, added "Clerk of Court, Brule County," to his signature on the jurat, and failed to specially designate that he was clerk of the circuit court of that county. The circuit court in which the information was entitled and filed takes judicial notice of its clerk and his signature affixed to the records and files of the office, and the general demurrer that "facts sufficient to constitute a public offense are not stated" was plainly insufficient to reach any objection to the jurat which is a mere certificate of the clerk that the information was subscribed and sworn to before him. Thus a twofold reason for overruling the demurrer is apparent, and the contention of counsel that it should have been sustained is wholly without merit, and requires no further consideration. Buell v. State 72 Ind. 523; Smith v. Walker, 93 Ga. 252, 18 S. E. 830; Hunter v. Le Conte, 6 Cow. (N. Y.) 728.

Counsel for plaintiff in error grievously complains of the manner in which the trial was conducted by the judge presiding, and consequently a reversal is urged on the ground that the conviction resulted from the coercive obedience of the jury to certain instructions which it is claimed were equivalent to a directed verdict of guilty as charged in the information. The judge recalled the jury several times upon his own motion for further instructions, given in language which could not be sanctioned under ordinary circumstances, but it cannot be rightfully held that the jury was coerced, or that he stated as a fact anything about which there was the slightest conflict in the evidence. Every element of the offense was clearly established by the undisputed testimony of all the witnesses, and on the part of the accused it was admitted by his counsel in open court "that Clyde Kinney was the proprietor of the saloon in question, and that the said saloon was open on Sunday, May 14, 1905."

The proof that the saloon was open for business by his regularly employed bartenders who conducted the traffic on that day is absolutely unchallenged, and the only point urged before the jury for an acquittal was that this was done without his knowledge and against his positive instructions. The law requires that such a

place "shall be closed on the first day of the week commonly called Sunday," and it is no defense to show that it was opened by an agent, servant, or employee contrary to the instructions of the accused. State v. Grant, 20 S. D. 164, 105 N. W. 97. In the absence of a request for further instructions or to have instructions already given repeated to the jury, as was done in this case, the practice is quite unusual, but, when justified by the circumtances, it is doubtless permissible, subject to review for an abuse of judicial discretion by which the accused is deprived of a fair and impartial trial. There being no conflict in the testimony with reference to any material issue, it was error without prejudice to charge the jury in effect that they had the right to disregard the uncorroborated testimony of any witness if satisfied from the evidence "or anything that comes up in the course of the trial that he has testified falsely to any matter." The offense charged being a misdemeanor that involved no question of intent, and its commission by the accused being established by the undisputed evidence, it was entirely proper for the court to instruct the jury as to the legal effect of such evidence, and the accused was not prejudiced by the recital of the admission previously made to the jury by his counsel "that a criminal offense was committed that day, and the defense is that it was without the knowledge of the defendant and without his consent and furthermore against his express directions." An instruction in a criminal case is not erroneous for assuming facts as proved, provided the record clearly shows that they are proved by undisputed evidence, and the defense treats such facts as proved, but denies their sufficiency to justify a conviction. "The judge should not assume a fact as proved unless the parties in the course of the trial have treated it so, and then he may." 1 Bish. Cr. Proc. § 979. The headnote in a homicide case, fully sustained by a well-considered opinion, is as follows: "A judgment will not be reversed because the trial court in a prosecution for murder has, in charging the jury, assumed material facts as proved, where it is clearly shown by the record that they were admitted by the prisoner at the trial or treated by him as proved." Hill v. State, 42 Neb. 503, 60 N. W. 916.

While counsel for plaintiff in error was not authorized to enter

a plea of guilty, his admission of otherwise established facts in open court in the presence of the accused who offered no objection thereto is presumed to be with his consent. People v. Garcia, 25 Cal. 531. It is possible that the undisputed evidence of credible witnesses establishing the offense charged in the information induced the judge to be slightly overzealous in urging the jury to an agreement, but the character of the verdict was not suggested nor was the jury coerced, and there is nothing in the record to show that the trial was unfair to the accused.

To hold that a case thus proved must be reversed on account of the court's recital of an admission made by counsel which is entirely consistent with the undisputed testimony would tend to defeat the ends of justice, and, there being no reversible error in the record, the judgment of the trial court is affirmed.