## 5937. GILBERT *v.* THE STATE.

1. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings," Civil Code, § 5957.
2. "An affidavit neither attested by an officer authorized to administer oaths, nor purporting to be sworn to in open court, is void, as the basis of a criminal proceeding." *Scroggins* v. *State, 55 Ga.* 380 (1).
3. "Criminal proceedings in a court of special and limited jurisdiction must show on their face the facts requisite to give the court authority, under the law, to try the case, pronounce sentence, and inflict punish-met." *Scroggins* v. *State,* supra (2).
4. Where such a court is empowered by statute to try misdemeanors upon written accusation founded on affidavit, a valid affidavit is essential; and if the affidavit be void, objection may be taken to it after conviction and sentence. In such a case the whole trial is a nullity.
5. The affidavit being void and the trial a nullity, the court erred in overruling the motion to arrest the judgment.

DECIDED SEPTEMBER 22, 1915.

Accusation of misdemeanor; from city court of Dawson—Judge M. C. Edwards. July 23, 1914.

*Yeomans & Wilkinson,* for plaintiff in error.

*W. H. Gurr, solicitor,* contra.

RUSSELL, C. J. The plaintiff in error was tried in the city court of Dawson upon an accusation for a misdemeanor, the specific charge being that of carrying a pistol without having procured the license required by law. After verdict he filed a motion in arrest of judgment, alleging that the verdict was void for the reason that the accusation shows upon its face that it is not founded upon any valid affidavit, and that the affidavit upon which the accusation purports to be founded, as shown by the accusation itself, has never been sworn to or witnessed by any officer authorized by law to administer oaths, and is void. The paper purporting to be an affidavit, as appears from the record, is as follows:

"State of Georgia, Terrell County. Personally came Caroline Perry, who on oath says that to the best of her knowledge and belief, Will Gilbert did, on the 20th day of December in the year 1913, in the county aforesaid, commit the offense of misdemeanor, and deponent makes this affidavit that an accusation may be made against the said Will Gilbert in the city court of Dawson.

                                her
               Caroline    x    Perry.
                         mark

"Sworn to and subscribed before me this 21st day of July 1914.

...................................................."

Upon the hearing of the motion in arrest of judgment the trial judge proceeded to hear testimony, and permitted the clerk of the city court, over the objection of counsel for the plaintiff in error, to testify that he swore her to 'the accusation, using the following language: "You do solemnly swear that the contents of this affidavit which you have signed is true .to the best of your knowledge and belief. So help you God." The clerk testified further that he did not see the deponent sign the affidavit, but that she told him she had signed it, and that he himself did not sign it, because he was in a hurry. The specific objection urged to the admission of the evidence was it was not admissible upon a motion in arrest of judgment, for the reason that the accusation showed upon its face that it was void and not amendable, and that evidence was not admissible to explain, amplify, or modify the accusation as it appeared at the time of the trial.

In view of the well-settled rule that one upon a motion in arrest of judgment may take advantage of any non-amendable defects appearing upon the face of the record, and because of the apparent good authority for the reverse rule in some cases, we have not been able to readily reach a conclusion in this case. At the time the motion in arrest of judgment was made, as appears from the record, the jurat had not been signed by any officer authorized to administer an oath. The court proceeded to hear testimony, and, as appears from the statement of facts, the clerk testified that he did in fact administer an oath, and that his omission to sign the jurat was a mere oversight on his part. We do not attach any importance to this testimony, because, while it is always within the power of a court to amend its records so as to make them speak the truth, the rights of a defendant under his motion in arrest of judgment could not be prejudiced by putting in the record something that was not there at the time the motion in arrest of judgment was made. If this could be done there would be very few cases in which a motion in arrest of judgment could be made, and the right conferred by section 5957 of the Civil Code would be taken away by amendments subsequent to the judgment. Indictments and presentments are, of course, not amendable. But accusations, being the equivalent of old common-law informations, are amendable up

to the time that issue is joined. *Goldsmith* v. *State, 2 Ga. App.,*
283 (58 S. E. 486) ; 12 Cyc. 764. The generally accepted doctrine
seems to be that the jurat is no such part of the affidavit proper
that its omission will render the affidavit a nullity. 2 Cyc. 27.
The jurat is no part of the affidavit and is amendable in civil cases.
*Veal* v. *Perkerson,* 47 *Ga.* 92 ; *Beach* v. *Averett,* 106 *Ga.* 73 (31 S. E.
806, 71 Am. St. R. 239). In *Smith* v. *Walker,* 93 *Ga.* 252 (18 S. E.
830), this last-cited principle is stressed by the ruling that a gen-
eral demurrer to the sufficiency of an affidavit will not reach a de-
fect in the jurat. It is clear that the defendant could, by special
demurrer based upon the ground that the jurat had not been signed,
have required that the omission in that respect be supplied. That
being true, if this were a civil case, the defect was so amendable as
to have precluded the defendant from raising the point for the first
time by motion in arrest of judgment.

In *Green* v. *Rhodes,* 8 *Ga. App.* 301 (68 S. E. 1090), this court
held that the statement of a jurat that the affidavit to which it was
attached was duly sworn to was only prima facie true, and that
question as to whether the paper purporting to be an affidavit was
in fact sworn to might be inquired into ; and it was doubtless upon
authority of this ruling that the lower court made the investigation
in this case. However, it is very plain from the decisions of the
Supreme Court that the law recognizes a distinction between civil
and criminal cases, as to whether an affidavit which is the basis of
the action may be amended. It seems to be uniformly held that as
to civil cases, the affidavit being amendable and the court so finding
from an inspection of the record, a motion in arrest of judgment
will not be sustained. However, in criminal cases, as pointed out
by Judge Bleckley in *Scroggins* v. *State,* 55 *Ga.* 380, the affidavit
upon which an accusation is based is void unless the purported
affidavit was in fact sworn to and the jurat signed at the time the
affidavit was made, or unless it appears to have been sworn to in
open court. Since in a criminal case the accusation is void unless
the oath is properly administered and this appears from the record,
the whole proceeding, under the decision in the *Scroggins* case, is
a nullity. The difference, we take it, between civil and criminal
cases is that the court, knowing that the affidavit in a civil case
might have been amended, any defects appearing upon the record
are taken to have been waived by the party making the motion to

arrest. This affidavit in a civil case, being subject to amendment, is not void even without the jurat; whereas, by the ruling in the *Scroggins* case, and on grounds of the very best public policy, an affidavit which is the basis of a proceeding affecting the liberty and reputation of a citizen is not amendable as an affidavit in a civil case would be, but is wholly void. Whether a motion to arrest a judgment concerns a civil or a criminal case, the court is not permitted to hear testimony. The decision of a court upon a motion to arrest a judgment is to be made solely in the light of the record and the pleadings. "A motion in arrest can properly be based on nothing but what is apparent on the face of the record or pleadings." *Loudon* v. *Coleman,* 62 *Ga.* 154. "If anything is settled law in this State, it is that a motion in arrest of judgment must be based upon a defect or defects appearing on the face of the record, and not apparent upon extrinsic matter so appearing." *Herron* v. *State,* 93 *Ga.* 555, 556 (19 S. E. 244). Of course, if the movant in a motion in arrest of judgment is confined solely to the record and the pleadings, the respondents would not be allowed greater rights. We hold, therefore, that the court erred in hearing testimony as to what occurred between the clerk of the court and the prosecutor with reference to the purported affidavit. Inquiry could not have been made even if the case had been a civil case, though in that event the court (knowing that, for the reasons stated above, the affidavit was amendable at the proper time) should have overruled the motion and treated the defect, which was not timely objected to, as having been waived. Likewise in the present case the court, not being permitted to hear testimony, should have adjudged, as held by Judge Bleckley in the *Scroggins* case, supra, that, as "the affidavit was without attestation, and did not, even in the body of it, state before whom the oath was taken, [and did not] purport to have been sworn to in open court," it was "entirely void when treated as the foundation of a summary criminal proceeding." That which is void is not subject to amendment.

*Judgment reversed. Broyles, J., not presiding.*