19475. CROWE et al. v. VAUGHN.

STEPHENS, J. 1. It is not essential to the validity of a writing as an affidavit duly sworn to that a jurat be attached thereto. It is sufficient that the writing was in fact duly sworn to by the officer before whom it was made. Beach v. Averett, 106 Ga. 73 (31 S. E. 806, 71 Am. St. R. 239).; Miller v. Caraker, 9 Ga. App. 255 (71 S. E. 9).

2. The act of a public official in a matter within his jurisdiction is, as against collateral attack, presumably done in accordance with law; and where it does not appear otherwise, the act is presumably valid.

3. Where, in a petition in a suit for malicious prosecution, a criminal warrant which purported to be predicated upon information contained in an affidavit was alleged as the basis for the prosecution, but where the affidavit contained no jurat, and it did not appear otherwise that the affidavit was sworn to, yet since the affidavit, notwithstanding, could in fact have been duly sworn to, and where it did not appear that the affidavit was in fact not duly sworn to, the warrant presumably was issued upon an affidavit duly sworn to, and was presumably legal and valid.

4. This being a suit for malicious prosecution against a number of defendants, where it is alleged in the petition that one of them, at the procurement and instigation of the others, instituted two criminal prosecutions against the plaintiff, by procuring the issuance of two warrants by a judge of the municipal court of Atlanta, Fulton division, charging the plaintiff with the commission of the crimes of forgery and perjury, under which warrants the plaintiff was arrested by an officer and held in custody for a while, that the charges were, with the knowledge of all the defendants, false, and that the making of the charges and the prosecutions carried on were done by the defendants maliciously and without probable cause, and that the prosecutions terminated favorably to the plaintiff, and further prosecutions under the warrants were abandoned by the defendants, to the plaintiff's damage in the manner and amount alleged, the petition sets out a cause of action against all the defendants, and is good as against general demurrer.

5. The petition was not subject to demurrer upon the ground that it was multifarious or that it contained a misjoinder of parties or actions.

6. The court properly overruled the demurrer.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 3, 1930.

R. R. Jackson, C. E. Moore, Noah J. Stone, for plaintiffs in error.

Taylor Smith, Howell, Heyman & Bolding, contra.