34792. ROZIER v. THE STATE.

CARLISLE, J. Hawley (Hauley) Rozier was tried and convicted in the City Court of Baxley under an accusation for possessing non-tax-paid liquor. He entered his plea of not guilty and, after the evidence for the State had been introduced and the defendant had made his statement to the jury and the case was closed, the defendant made a motion for a directed verdict of not guilty because the affidavit, which was the basis of the accusation, was not sworn to before an officer authorized to administer oaths. The court denied the motion and of its own motion instructed the clerk of the court to sign the affidavit, since the clerk stated to the court that it was an oversight on his part that the affidavit contained no signature to the jurat as it had in fact been sworn to in his presence. The court charged the jury and the defendant was found guilty. The defendant thereupon filed his motion in arrest of judgment on the ground that the court had no right or authority to amend the accusation after the plea of not guilty had been entered, the jury had been sworn and all the evidence introduced.

1. By the terms of the act establishing the City Court of Baxley (Ga. L. 1897, pp. 420, 426) it is provided that "defendants in criminal cases in said City Court of Baxley may be tried on written accusation setting forth plainly the offense charged, which accusation shall be signed by the prosecutor and by the prosecuting officer of said city court." From the accusation attached as an exhibit to the motion in arrest of judgment, it appears that the offense charged is fully and plainly set forth and the accusation is signed by the prosecutor and the prosecuting officer of the city court. An affidavit is not made a jurisdictional prerequisite to the trial of misdemeanors in the City Court of Baxley; and although the accusation recites that it is based upon the affidavit, the affidavit is purely surplusage. It was, therefore, immaterial whether or not the jurat of the affidavit had been signed. The accusation was in order according to the requirements of the act establishing the court. It follows, consequently, that the trial court did not err in denying the motion in arrest of judgment. There was no defect in the accusation.

2. Most of the cases in this jurisdiction involving the question of amending affidavits in criminal cases have been collected and discussed in

*Brown* v. *State,* 82 *Ga. App.* 673 (62 S. E. 2d 732), which see; and and among those cases are *Rogers* v. *State,* 1 *Ga. App.* 527 (58 S. E. 236); *Rucker* v. *State,* 114 *Ga.* 13 (39 S. E. 902); and *Gilbert* v. *State,* 17 *Ga. App.* 143 (86 S. E. 415), which exemplify the line of argument relied upon by the defendant. It is to be observed that, in each of these latter cases, the act establishing the city court from which they were appealed made the affidavit a jurisdictional prerequisite to that court's trial of criminal cases. See, in this connection, *Scroggins* v. *State,* 55 *Ga.* 380.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 19, 1953.

H. L. *Williams,* for plaintiff in error.

R. D. *Welch, Solicitor,* contra.