## 59257. DIXON v. THE STATE.

SMITH, Judge.

Appellant appeals her conviction for solicitation of sodomy. We reverse.

1. Appellant was brought to trial on an accusation for offering to perform an act of oral sex for money to an undercover police officer. The accusation recited that it was based on an affidavit set forth above on the same printed form.

Appellant demurred to the accusation on the grounds that the supporting affidavit was not dated and that the affiant-prosecutor

did not personally swear to or subscribe the affidavit before the attesting judge. The State admitted that the affidavit had not been attested at the time it was filed with the clerk's office but contended that it was amendable at any time prior to a plea being entered by the accused. Appellant assigns as error the trial court's ruling that the affidavit had been properly amended.

"[T]he law recognizes a distinction between civil and criminal cases, as to whether an affidavit which is the basis of the action may be amended. It seems to be uniformly held that as to civil cases, the affidavit [is] amendable . . . However, in criminal cases . . . the affidavit upon which an accusation is based is void unless the purported affidavit was in fact sworn to and the jurat signed at the time the affidavit was made . . . Since in a criminal case the accusation is void unless the oath is properly administered and this appears from the record, the whole proceeding, under the decision in [*Scroggins v. State,* 55 Ga. 380 (1875)], is a nullity." *Gilbert v. State,* 17 Ga. App. 143, 145 (86 SE 415) (1915).

Furthermore, " '[w]here trial is had upon accusation founded on affidavit, there can be no conviction unless it appears that the offense was committed *before the making of the affidavit charging its commission.*' (Emphasis supplied.) There was no evidence of the commission of the offense prior to the swearing of the affidavit . . . and this, under the rule in [*Chambers v. State,* 85 Ga. 220 (1) (11 SE 653) (1890)] [is] fatal to a conviction . . ." *Brown v. State,* 82 Ga. App. 673, 676 (62 SE2d 732) (1950).

2. The remaining enumerations of error are without merit.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur. Banke, J., concurs in the judgment only. Birdsong, Carley and Sognier, JJ., concur specially. Deen, C. J., and McMurray, P. J., dissent.*

SUBMITTED JANUARY 17, 1980 — DECIDED APRIL 21, 1980 — REHEARING DENIED JUNE 19, 1980.

*James A. Elkins, Jr.,* for appellant.
*Robert Johnston, Solicitor,* for appellee.

SOGNIER, Judge, concurring specially.
I concur specially with the majority. Viewing an accusation as amendable under the rule of *Goldsmith v. State,* 2 Ga. App. 283 (58 SE 486) (1907), I cannot agree that the accusation was fatally defective for this reason, as it was amended prior to the joining of issue.

However, I do agree that since there was no evidence of the commission of the offense prior to the swearing of the affidavit, under the ruling in *Chambers v. State,* 85 Ga. 220 (11 SE 653) (1889), this is fatal to a conviction.

I am authorized to state that Birdsong and Carley, JJ., join in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

The majority reversed the conviction of the defendant for the offense of solicitation of sodomy due to a determination that the accusation is void and a nullity. The majority's decision overrules the trial court's determination that the affidavit which was lacking proper jurat when filed had been properly amended before issue was joined. I believe the ruling of the trial court was correct and, therefore, respectfully dissent.

In reaching this holding the majority relied on *Gilbert v. State,* 17 Ga. App. 143 (2) (86 SE 415), which in turn follows the decision in *Scroggins v. State,* 55 Ga. 380 (1). In *Scroggins v. State,* 55 Ga. 380, 382 (1), supra, the defendant was arrested for assault and battery and carried before a Justice of the Peace where she waived indictment by the grand jury and demanded a jury trial. The jury returned a verdict of guilty and defendant was sentenced to imprisonment or a fine. In *Scroggins* the affidavit was without attestation and did not state before whom the oath was taken nor did it purport to have been sworn to in open court. The affidavit in *Scroggins* was held to be void. No issue of amendment of the affidavit was involved in *Scroggins* as none appears to have been attempted. In *Gilbert v. State,* 17 Ga. App. 143, supra, the defendant was tried upon an accusation for a misdemeanor, the charge being that he carried a pistol without procuring a license as required by law. After the verdict the defendant filed a motion in arrest of judgment. At the time of filing this motion the jurat had not been signed by any officer authorized to administer oaths. As in the *Scroggins* case, there was no attempt to amend the affidavit.

The case sub judice, unlike the cases relied upon by the majority, involved a situation where an amendment to an arguably defective affidavit has been made before issue was joined. In contrast, the cases relied upon by the majority deal with situations where a deficient affidavit remains unamended when issue is joined and is challenged for the first time after verdict and sentence of the defendant.

*Gilbert v. State,* supra, acknowledges the general rule stated in *Goldsmith v. State,* 2 Ga. App. 283 (58 SE 486) that accusations being the equivalent of old common law informations are amendable up to the time that issue is joined. The case sub judice deals, of course, not

with the accusation itself but specifically with the jurat of the affidavit which has also been held to be amendable before the issue is joined. See *Brown v. State,* 82 Ga. App. 673, 678 (1) (62 SE2d 732) (1950). Here the affidavit was effectively amended before issue was joined. Therefore, I believe the trial court was correct in overruling defendant's demurrer as to this issue.

The affidavit in the case sub judice is not dated; therefore there can be no determination as to whether the offense was committed before the making of the affidavit charging its commission. Relying upon *Chambers v. State,* 85 Ga. 220 (1) (11 SE 653) (1890) and *Brown v. State,* 82 Ga. App. 673, supra, at p. 676, the majority holds that the absence of evidence of the commission of the offense prior to the swearing of the affidavit is fatal to a conviction. Although *Chambers v. State,* supra, cites no authority and gives no explanation for its holding, this rule is explained in *Brown v. State,* 82 Ga. App. 673, supra, to be based upon the irreparable variance between the allegata and probata. This strict and highly technical rule, surrounding whether a variance between the allegation and the proof is so material that it is fatal, predates *De Palma v. State,* 225 Ga. 465, 469-470 (3) (169 SE2d 801), in which this state adopted the criterion set forth in Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314).

Under the accusation in the case sub judice the accused was definitely informed of the charge against her so that she was able to present her defense and not be taken by surprise by the evidence offered at the trial and she is protected against another prosecution for the same offense. These criteria being satisfied, the absence of the date of the making of the affidavit is, at most, harmless error and should not have influenced the decision of this court.

I agree with the majority that the remaining enumerations of error are without merit but would affirm for the reasons stated above.

I am authorized to state that Chief Judge Deen joins in this dissent.