Mitchell *vs*. The State of Georgia.

---

EMANUEL MITCHELL, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

If Mitchell forge the name of Price to a letter, by which money belonging to Price, in the hands of his bailee in Thomasville, is sent by express to Augusta, and if Mitchell, personating one Cousins, to whom he had directed the money to be sent, takes it from the express office and appropriates it

to his own use, Mitchell is guilty of forgery under section 4451 of the Code, and such facts sustain the allegation in the indictment that Mitchell's intent was to defraud Price, though Price, afterwards, by suit, recover the money from the express company. The forgery, including the fraudulent intent against Price, was complete when the forged letter moved Price's money from the depository he chose for it, and put it where Mitchell could get it, and where he actually got it and appropriated it; nor does it make him the less guilty of the forgery, that before he could pocket the money, he committed another crime in personating Cousins, nor is his criminal intent to defraud Price lessened by the fact that he also defrauded the express company.

Criminal law. Forgery. Before Judge GIBSON. Richmond Superior Court. April Term, 1875.

Reported in the opinion.

H. CLAY FOSTER, for plaintiff in error.

DAVENPORT JACKSON, by JACKSON & LUMPKIN, for the state.

JACKSON, Judge.

The defendant was indicted for forging a letter, and thereby procuring money to be sent by express to Augusta, with intent to defraud Bill Price. The facts are that he did write the letter and put the name of Bill Price at the end of it; that by so doing he procured the money to be sent by a person in whose hands Price had placed it, by express to Augusta; that he had it sent to Cæsar Cousins, and it came to the express office for delivery to Cæsar Cousins; that defendant personated Cousins and got the money; that Price had to sue for it, and finally recovered it from the company. The jury, under the charge of the court, found defendant guilty. A motion for a new trial was made, on the ground that the verdict was against the law and the evidence, and without evidence; the court below overruled it, and error is assigned on that ruling.

There can be no doubt that the defendant was guilty of personating Cousins, and so getting this money from the express office, and he might have been indicted and convicted of

Mitchell *vs.* The State of Georgia.

that crime.  But is he not guilty of forgery?  Does not the transaction show that he was guilty of the latter offense before he had committed the former?  Let us see.  Section 4451 of our Code enacts that if any person shall fraudulently make, sign, forge, counterfeit, or alter any writing, with intent to defraud any person, he shall, on conviction, be purnished, etc.

Well, Mitchell signed and forged the name of Price to this letter—a writing.  With what intent?  Evidently to defraud.  Whom?  When he wrote the letter, whom did he intend to defraud?  Whose money was he scheming to pocket?  Unquestionably Price's money.  He had ascertained that Price had the money in the hands of a person in Thomasville; he forged a letter in Price's name to this person; he had the money sent by express to Cousins, and he went to the express office and got it out.  The express company was not in his thoughts when he forged the letter, or if it was, it was the mere instrumentality by which he was contriving to get Price's money; he had no intent to defraud that company; if he did he certainly intended to defraud Price too; it was not his intention to defraud Cousins, for it was not Cousins' money he was planning to get.  But he did intend to defraud Price; and what is more, he succeeded in his intent, and did defraud him.  He put in his pocket Price's money and appropriated it to his own use.  It is true Price got it by suit out of the express company, but it took time, fees to counsel, trouble, expense and delay to get it out of that company—all of which this forgery caused.  We hold that Price had a right to keep his money in Thomasville, and if defendant, by forging a letter and signing Price's name to it, got the money sent to Augusta, and pocketed it; that if he only kept it one hour from Price, with intent to apply it to his, the defendant's, own use, the crime of forgery is complete; the intent is demonstrated to defraud Price by the fact that he wrote the letter and reaped the fruits of the writing.  We do not think that this case is at all affected by 51 *Georgia Reports*, 535.  The principle there ruled is that the person intended to be defrauded must be designated in the indictment.  It is done here, and moreover,

we think it is clearly and satisfactorily proved. The verdict is in accordance with the law and abundantly supported by the facts.

Judgment affirmed.