The State v. Eades.

2 ——: ——:<br>statute of limita-<br>tions: married<br>woman.

AFFIRMED.

THE STATE, *Appellant*, v. EADES.

**Forgery of Municipal Obligations**: ELEMENTS OF THE CRIME. It is not essential to the crime of forgery that the person in whose name the instrument purports to be made, shall have legal capacity to make it. It is sufficient, under Wag. Stat., sec. 16, p. 470, if it is made with intent to defraud, and on its face would be likely to defraud. Thus, the making a false municipal certificate of indebtedness with intent to injure or defraud, is forgery, notwithstanding the municipality may have no power to issue such certificates.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

*J. L. Smith*, Attorney-General, for the State.

Even if the city could successfully defend an action brought to enforce collection of this certificate on the ground that it was issued without authority, it does not follow that it is not an instrument calculated on its face to deceive any one to whom it might be offered. Our statute is very comprehensive, and includes every instrument or

writing whereby a pecuniary obligation purports to be created. It does not make it a condition precedent·that the person or corporation who appears to have made it, should have had the power to make it.

*Tichenor & Warner* for respondent.

NORTON, J.—Defendant was indicted in the criminal court of Jackson county at its November term, 1874, for forgery. The indictment contains five counts, in some of which defendant is charged with forgery, and in others with uttering the following certificate of indebtedness of the City of Kansas:

*Certificate of Indebtedness of the City of Kansas.*

STATE OF MISSOURI,  } ss.     $150.     No. 1792.
County of Jackson,

This is to certify that the City of Kansas is indebted to John Halpin in the sum of one hundred and fifty dollars, due and payable October 1st 1873, with interest at the rate of ten per cent. per annum from July 10th, 1872. Said indebtedness having accrued on account of the Bluff street bridge.

By order of. the Common Council.

Approved July 8th, 1872.

HENRY C. KUMPF,                    R. H. HUNT,
        Auditor.                           Mayor.

Defendant filed his motion to quash the indictment, which was sustained, and the State brings the case here by appeal. The reasons alleged in the motion to quash are that the crime of forgery is not charged, that the instrument of writing set out is not such as the crime of forgery can be committed of, and that there is no allegation that it is of any value. No brief having been filed by the respondent, we are left to ascertain the specific grounds relied upon to support the objections made.

The indictment is framed on Wag. Stat., sec. 16, p. 470, which is as follows: "Every person who, with intent to

injure or defraud, shall falsely make, alter, forge or coun-
terfeit any instrument or writing, being or purporting to
be the act of another, by which any pecuniary·demand or
obligation shall be, or purport to be transferred, created,
increased, discharged or diminished, or by which any rights
or property whatever shall be, or purport to be transferred,
conveyed, discharged, increased, or in any manner affected,
       *     *     shall, on conviction, be adjudged guilty of
forgery in the third degree."

The indictment formally charges the offense as defined
by this section, and is in conformity with approved prece-
dents.     Whar. Prec., 264.   It is, however, claimed that
the instrument set out therein is not such as can be the
subject of forgery, because the charter of the City of Kan-
sas does not confer on the mayor and common council the
power to issue the same.   Section 16, *supra*, is broad and
sweeping. in its definition of this grade of forgery, and
would seem to embrace, as the subject of it, every false
writing made with intent to defraud or injure; which, on
its face, would be likely to defraud.

Upon a statute of New York, similar to our own,
which came before the court for construction in the case of
the *People v. Krummer*, 4 Park. C. R. 217, it was held that
" we are never called upon to determine whether in legal
construction the false instrument or writing is an instru-
ment of a particular name or character.   It is a matter of
perfect indifference whether it possesses or not the legal
requisites of a bill of exchange, or an order for the payment
of money or the delivery of property.   The question is
whether, on its face, it will have the effect to defraud those
who may act on it as genuine, or the person whose name
is forged.   It is not essential that the person,·in whose
name it purports to be made, should have the legal capac-
ity to make it, nor that the person to whom it is directed
be bound to act upon it, as genuine, or have a remedy over.
Though all the parties to a bill of exchange are purely
fictitious, if it be passed as genuine, it is regarded by the

law as forgery. The law looks only to the falsity of the instrument and the fraudulent use of it as genuine."

Authorities are to be found in support of the proposition maintained by defendant, among which may be cited *Clinch's* case, 2 East's Pleas 938, and *People v. Wright*, 9 Wend. 193. It was, however, observed in the former case that "if the writing purport to be an order which the party has a right to make, although in truth he had no such right, and although no such person existed in fact as the order purports to be made by, it falls within the penalty of the act;" and the latter case, *People v. Wright*, has been criticised, if not overruled, in the case of *People v. Stearns*, 21 Wend. 409.

While conceding that there is a conflict of authority on the question presented, we are disposed to follow the principle announced in the case of *People v. Krummer, supra*, as reflecting the spirit and meaning of the statute as to the class of writings which, under it, are the subjects of forgery, and applying the test there laid down to the indictment in question, it is sufficient to require defendant to answer it. Judgment reversed and cause remanded, with the concurrence of the other judges.

REVERSED.