REED *v.* DAVIS, administrator.

A will, in one item, directed the sale by the executor, either publicly or privately, of specified realty, including a dwelling-house, the conversion into cash of the *choses in action* and other personalty of the testator, and the investment by the executor of the funds thus coming into his hands in certain securities, "except that there shall be retained out of said amounts the sum of fifteen hundred dollars, which my executor is to invest in a house for my family, as he and my wife may think best." In another item, the executor was empowered to change " the investment" mentioned in the preceding item, should circumstances render it necessary either to make a better investment or to save loss from declining securities. The will further directed that the income of the estate should be applied annually to the support of the testator's widow and children, and that as the latter became of age or married, the executor should turn over to them their portions of the estate. The executor did not, at once, sell the dwelling-house belonging to the testator, but retained it "as a suitable residence for the family," and so stated in a return to the court of ordinary. Seven years later, he conveyed it to a married daughter of the testator, in a settlement with her of her portion of the estate, she and her mother being, at that time, the only surviving devisees and legatees.

*Held,* that under the terms of this will and the facts stated, the legal title to the dwelling-house remained in the executor until his conveyance to the daughter; that it has never passed, in whole or in part, into the widow; and that she has no interest in this property

which can be reached by the levy of an ordinary execution against her, although the same was based on a judgment rendered before the conveyance by the executor to the daughter.

December 21, 1894.

Levy and claim. Before J. N. GLENN, judge *pro hac vice.* Newton superior court. March term, 1894.

An execution against Mrs. Dorsett was levied on an undivided half-interest in a town lot which was claimed by Mrs. Reed, the daughter of Mrs. Dorsett and of the testator referred to in the opinion. The case was submitted to the judge without a jury, and he adjudged the property subject to the execution. For the other facts see the decision.

E. F. EDWARDS, for plaintiff in error.

L. L. MIDDLEBROOK, CAPERS DICKSON, J. F. ROGERS and A. D. MEADOR, *contra.*

LUMPKIN, Justice.

The head-note states very fully the material facts upon which this case turned, and our conclusion upon the same. The retention by the executor of the dwelling-house owned by the testator at the time of his death was, in effect, an investment by the former in that dwelling-house as a home for the family under the direction given in the will. If the executor had followed the instructions of the will literally, and accordingly had sold this house along with the other realty and then invested $1,500.00 in another house for the use of the family, it cannot be doubted that, according the scheme of the will, the title to the latter was to be vested in the executor, and not in any particular member or members of the family while they remained together. This must be so, because the will provides for a change in the investment, upon certain conditions, and, of course, contemplated that such change would be made by sale and reinvestment to be conducted by the executor.

Treating the house left by the testator as such an investment, we think the legal title certainly remained in the executor until he divested himself of it in winding up the affairs of the estate. When he did part with it, he conveyed it to the testator's daughter; and we find absolutely nothing in the record authorizing the conclusion that the legal title to this particular property, or any share or interest in the same, was ever in any manner vested in the widow. She, therefore, had no interest in it which could be sold under an ordinary execution against her, although the judgment from which that execution issued was in fact rendered before the executor conveyed the legal title to the daughter.

We are therefore satisfied that the claim, filed by the latter, should have been sustained; and it should accordingly have been adjudged that the property was not subject to the execution.          *Judgment reversed.*