### 9535.   CHAMBERS v. THE STATE.

1. The court did not err in overruling the demurrer to the indictment.

2. The special grounds of the motion for new trial from the 1st to the 5th, inclusive, not being complete within themselves, and it being necessary to refer to other portions of the record in order to understand the assignments of error, they cannot be considered by this court.

3. There is no merit in the ground that the colloquy which took place between the court and counsel for the defendant disparaged certain evidence offered by the defendant.

4. Counsel for the defendant made a motion for a mistrial, because of the inquiry by the court, of counsel for the State, as to the introduction of a certain paper. Under the facts as stated in the 7th special ground of the motion for a new trial, the court did not err in overruling the motion for a mistrial.

5. The 8th special ground is based upon the refusal of the court to permit the defendant to make another statement after the State had offered certain testimony in rebuttal. No abuse of discretion by the court appears from the facts as stated in the record. Jones v. State, 12 Ga. App. 133 (2), 135 (76 S. E. 1070).

6. When considered with the entire charge of the court and the facts of the case the excerpt complained of is not error for any reason assigned.

7. There was some evidence to authorize the verdict, and, the trial judge having approved it, this court will not interfere.

DECIDED OCTOBER 8, 1918. REHEARING DENIED NOVEMBER 12, 1918.

Indictment for forgery, etc.; from Haralson superior court— Judge Bartlett. December 18, 1917.

*Lloyd Thomas, M. J. Head, G. R. Hutchens,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

HARWELL, J. Chambers and another were indicted for the offense of forging an order for money, a copy of which is set out in the indictment, and is as follows: "Georgia, Haralson County. To the Treasurer of said county: Pay to W. H. Garner $20.00 for services rendered as bailiff at the January term of Haralson Superior Court for 10 days. This 6th day of February, 1914. R. H. Parker, Sheriff." The indictment, in the second count, charged the defendants with uttering and publishing as true the alleged order, with intent to defraud the County of Haralson and the county treasurer of said county, knowing the order to be forged. Chambers was put on trial, and demurred to the indictment generally, and also upon certain special grounds complaining of lack of certainty. The demurrer was overruled and exceptions pendente lite were filed. The trial judge certifies that the attention of the court was called to the demurrer after formal arraignment and after the jurors were put on the defendant, and after one juror had disqualified on voir dire and a second juror had qualified. Chambers was found guilty of uttering and publishing as true the alleged forged order, knowing it to be forged. He made a motion for a new trial, which was overruled, and he excepted.

Grounds 7 and 8 of the demurrer are as follows: "7. Said indictment should be quashed because the scrip or warrant described therein was not a legal charge on any fund in the hands of the treasurer of Haralson County, because R. H. Parker as sheriff, had no authority of law to draw a scrip, warrant or order. 8. Said indictment does not allege that R. H. Parker as sheriff was an officer authorized by law, and whose duty it was to draw said warrant." It was insisted that the sheriff had no authority to issue the order on the county treasurer for paying bailiffs, and that the order had no "legal efficacy," and therefore cannot form the basis of a charge of forgery. Counsel for plaintiff in error cited on this point *Brazil* v. *State,* 117 *Ga.* 32 (43 S. E. 460), and

other authorities. It is said that "forgery may be committed of any writing which if genuine would operate as the foundation of another man's liability or the evidence of his right. It is sufficient if the instrument forged, supposing it to be genuine, might have been prejudicial." 19 Cyc. 1380. If the writing *purports* to have "legal efficacy" it may be the subject of forgery. In other words it is held that where the paper under consideration purports to have "legal efficacy," it does not come within the operation of the rule "that the forgery of an instrument which if genuine would be void, is not a crime." "Such has been the test applied by this court in a number of cases wherein the question arose whether or not a particular writing was properly to be regarded the subject-matter of an instrument for forgery." *Brazil* v. *State*, supra. See also Underhill on Criminal Evidence (2d ed.), 721-2, § 430. "As a general rule any writing in such form as to be the means of defrauding another may be the subject of forgery. . . The writing need not be such as if genuine would be legally valid. If it is calculated to deceive and intended to be used for a fraudulent purpose, this is enough. . . . Orders, as for instance orders for money or goods, may be the subject of forgery. And it is not necessary that there should be an acceptance of the order to constitute the crime. . . It has been held that the forgery of an order in the name of a person who, by reason of legal disability, would not have been liable on such order had it in fact been genuine, is punishable." 13 Am. & Eng. Enc. Law (2d ed.), 1093-6. "The intent of the accused to defraud is the essence of the crime and must be proved beyond a reasonable doubt. And if it is shown, evidence that the party whose name was forged had no legal capacity to sign is irrelevant." Underhill, Cr. Ev. (2d ed.) 722, § 422, and cases cited under footnotes 22 and 23; Hughes' Criminal Law, 250, §§ 916, 919. "Since men are not legally presumed to know facts, a false instrument good on its face may work a fraud though extrinsic facts show it to be invalid even if it were genuine; therefore there may be forgery of such an invalid instrument. That the person whose name is forged had no legal capacity to make the instrument is not a defense." 2 Bishop's New Crim. Law, 310, § 541, and People *v.* Krummer, 4 Parker's Cr. R. 217, cited in footnote. "It is not essential that the person in whose name the instrument purports to be made have the legal

capacity to make it." 12 R. C. L. 151, § 14. "Instruments which are not nudum pactum, but merely void on the ground that they are against public policy or ultra vires, are the subject of forgery. . . The more liberal doctrine and the doctrine which in the interest of good government should be sustained is declared in People v. Krummer, 4 Parker's Cr. R. 219, where the court says: 'We are never called upon to determine whether in legal construction the false instrument or writing is an instrument of a particular name or character. It is a matter of perfect indifference whether it possesses or not the legal requisites of a bill of exchange, or an order for the payment of money, or the delivery of property. The question is whether upon its face it will have the effect to defraud those who may act upon it as genuine, or the person in whose name it is forged. It is not essential that the person in whose name it purports to be made should have the legal capacity to make it, nor that the person to whom it is directed should be bound to act upon it, if genuine, or have a remedy over.' " People v. Munroe, 100 Cal. 664, 667 (35 Pac. 326, 24 L. R. A. 33, 38 Am. St. R. 323). "It is not essential to the crime of forgery that the person in whose name the instrument purports to be made shall have legal capacity to make it. It is sufficient if it is made with intent to defraud, and on its face would be likely to defraud." State v. Eades, 68 Mo. 150 (30 Am. R. 780). "He who signs the name of a person who has or had no legal capacity to make the instrument is guilty of forgery." Brewer v. State, 32 Tex. Crim. 74 (22 S. W. 41, 40 Am. St. R. 760). In Georgia the rule has been broadly stated that "Any writing in such form as to be the means of defrauding another may be the subject of forgery." Berrisford v. State, 66 Ga. 55 (1); Mitchell v. State, 56 Ga. 171; Travis v. State, 83 Ga. 372 (9 S. E. 1063); Billups v. State, 88 Ga. 27 (13 S. E. 830); Shope v. State, 106 Ga. 226 (22 S. E. 140). Section 231 (7) of the Penal Code makes it unlawful to forge an "order for money," and section 245 makes it unlawful to forge "any other writing not herein provided for."

Tested by the rule stated above, that if the writing is the evidence of a man's right, or by the broad rule stated in the Berrisford case, supra, that if the writing is in such form as to be the means of defrauding another, it may be the subject of forgery, we think the writing in the instant case may be the subject of forgery. The

order is the evidence of the bailiff's right of compensation from the county for services rendered as bailiff. If accepted by the treasurer as evidence of services rendered as bailiff, and paid, either the county or the treasurer is defrauded, if it is a forgery. It is true that, so far as we can find, there seems to be no statutory authority for a sheriff to issue a certificate to a court bailiff such as is issued by the clerk of jurors. Penal Code, § 836. There is no provision of law, so far as we can find, authorizing the sheriff to draw an order on the county treasurer to pay bailiffs. The law, however, recognizes the authority of the sheriff to appoint court bailiffs (Civil Code, § 6310), and provides for the fixing of their compensation (Penal Code, § 876), in the same manner as the pay of jurors. It is certainly contemplated that they shall be paid out of the county treasury. The paying of court bailiffs is in other words a legal charge against the county. The sheriff whose duty it is to appoint them is the officer who would know that they had rendered the service. Whether, therefore, it is such an order as is specially provided for by statute or not, if it is one which is recognized by the county treasurer and paid as being a proper charge against the county, we see no reason why it is not such an order for money as to be the basis of a criminal prosecution for forgery under subsection 7 of § 231 of the Penal Code. It is not contended that it stands upon the same basis as a warrant or order issued by the county commissioners after auditing an account against the county, such as to place it under subsection 5 of § 231, but it is an order for money recognized by the county treasurer as being a valid and legal charge against the county. It is not every claim against the county which must go to the county commissioners and be audited before the treasurer has authority to pay the claim. See *Clark* v. *Eve,* 134 *Ga.* 788 (6), 790 (68 S. E. 598), and cases cited. In the instant case it seems that it is the custom in the County of Haralson for the sheriff to issue these orders for the pay of the court bailiffs, and that he has a stub-book provided for that purpose, presumably furnished by the county, and the county recognizes these orders as valid and pays them without any question.

We think, therefore, that the court did not err in overruling the general demurrers. The indictment was open to the attack of the special demurrer, for lack of certainty. It appears, however, from

the order of the judge overruling the demurrer, and also in the certificate of the judge approving the exceptions pendente lite to the order overruling the demurrer, that, while the demurrer was filed before arraignment, not until after arraignment, and after one juror had disqualified on voire dire and one had qualified and had been put on the defendant, was the demurrer brought to the court's attention and insisted on by the defendant's counsel. The insistence on the special demurrer came too late, and the court did not err in overruling the demurrer. Penal Code, § 975; *Isaacs* v. *State,* 7 *Ga. App.* 799 (68 S. E. 338); *Gilmore* v. *State,* 118 *Ga.* 299 (45 S. E. 226), and cases cited.

The headnotes dealing with other questions need no elaboration. *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

### ON MOTION FOR REHEARING.

We have examined the record and the cases cited by counsel for the plaintiff in error in the motion for a rehearing. We must accept as true the orders of the court on the demurrer and in the certification of the exceptions pendente lite. By the failure of counsel to call the court's attention to the special demurrer until after assaignment and after pleading to the merits and until the jurors were being examined on their voir dire, the defendant must be held to have waived his right to insist on the special demurrer. Compare *Waller* v. *State,* 2 *Ga. App.* 636 (58 S. E. 1106); *Harris* v. *State,* 11 *Ga. App.* 137 (74 S. E. 895); *Bryans* v. *State,* 34 *Ga.* 323; *Hudson* v. *State,* 117 *Ga.* 704 (45 S. E. 66); *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (7) (46 S. E. 657).

The motion for a rehearing is denied.