### 17779. JOHNSON *v.* THE STATE.

BROYLES, C. J. 1. The instrument charged to have been forged was commonly known as a "salary assignment." It consisted of two parts, the first part being entitled "Application to sell salary or wage account,"

---

Forgery, 26 C. J. p. 915, n. 30.

and the second part being the salary assignment. In this second part it is directed that the Southern Railway Company pay the amount of $16 to Citizens Finance Company; and the instrument recites that that amount is due by the Southern Railway Company to the maker of the instrument, who is also an employee of that company, for salary already earned. The second part, therefore, is clearly an "order for money," within the meaning of subsection 7 of section 231 of the Penal Code of 1910; and the first part could properly be treated as surplusage, as the gist of the offense is the forging of the order for the payment of the money. (No demurrer to the indictment was interposed.) See, in this connection, *Hoskins* v. *State*, 11 *Ga.* 92 (5), 100; *Gibson* v. *State*, 79 *Ga.* 344 (3), 346 (5 S. E. 76); *Johnson* v. *State*, 62 *Ga.* 300 (2); *Chambers* v. *State*, 22 *Ga. App.* 748 (1), 752 (97 S. E. 256).

2. Under the above-stated ruling the verdict was authorized by the evidence, and the grounds of the amendment to the motion for a new trial are without merit.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 11, 1927.

Forgery; from Fulton superior court—Judge E. D. Thomas. October 30, 1926.

*J. S. Hall,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.