## 67915. ROBERTS v. THE STATE.

QUILLIAN, Presiding Judge.

Appellant Roberts was issued a "uniform traffic citation, summons, accusation/warning," charging him with unlawfully operating his automobile in violation of OCGA §§ 40-6-48 (failing to drive within a single lane) and 40-6-391 (driving under the influence of alcohol or drugs), and ordering him to appear in court to answer these charges on June 8, 1983. Appellant's attorney appeared and waived arraignment on June 8 and the case was scheduled for jury trial on July 13, 1983. All parties reported for trial on July 13 and a panel of twelve jurors was sworn for voir dire examination pursuant to OCGA § 15-12-132. A transcript of the examination was not made, but according to the trial court in perfecting the record, voir dire took place and both the State and defense selected jurors. As the six-member jury panel took their seats, the State objected that one member of the panel had been improperly called as a juror. When it was discovered that due to a clerical error made by a bailiff the State's strikes had been improperly recorded, the trial court declared a mistrial and instructed the parties to return to court the following day.

At the second hearing on July 14, defense counsel made an oral motion to bar prosecution due to double jeopardy, contending that the jury had been sworn and impaneled at the time mistrial was declared through no fault of appellant's and without his consent. Based on its own recollection that the jury had been impaneled but not sworn as required by OCGA § 15-12-139, the trial court denied the motion. Appellant's attorney then objected to his client being tried under an accusation which had not been filed. Testimony of a deputy clerk disclosed that while the court docket book indicated that an accusation was filed on May 19, 1983, it was actually the uniform traffic citation which had been filed. The trial court ruled that no accusation had been filed but there was nothing to prevent the State from drawing one up and filing it, and recessed the case. Upon return to court for trial on September 17, 1983, appellant filed a motion of former

jeopardy in bar of trial and made an oral motion for continuance. Appeal is from denial of these motions.

1. "A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn. [Cits.]" *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 434); OCGA § 16-1-8. However, OCGA § 16-1-8 (d) (1) provides that a second prosecution is not barred if "[t]he former prosecution was before a court which lacked jurisdiction over the accused or the crime." Cf., *Potts v. State*, 241 Ga. 67 (11) (243 SE2d 510). Where a proper accusation has not been filed, the whole proceeding is a nullity and the trial court has no authority to try the case. See *Scroggins v. State*, 55 Ga. 380 (2); *Gilbert v. State*, 17 Ga. App. 143, 145 (3) (86 SE 415). Thus, even though the trial judge purported to "recess" the proceedings here, in effect there was no criminal prosecution until a proper accusation was filed after the hearing on July 14, and no jeopardy could attach prior to that time.

2. The transcript of the September 17 proceedings discloses that appellant's motion for continuance was made to enable defense counsel to interview the twelve jurors impaneled for the July 13 trial, to determine if they agreed with the recollection of the trial court that they had not been sworn when it was discovered that the stricken juror had been mistakenly seated. The trial court denied a continuance on the ground that appellant had been afforded a hearing on this issue on July 14 and, following the ruling adverse to him made then, had not within 30 days filed a motion for a new trial or appeal therefrom. See *Patterson v. State*, 248 Ga. 875, 876 (287 SE2d 7); *Newman v. State*, 166 Ga. App. 609 (1) (305 SE2d 123).

"All applications for continuance are addressed to the sound discretion of the court and shall be granted or refused as the ends of justice may require. [Cits.] A ruling by the trial court on such a motion may be disturbed on appeal only if there has been an abuse of discretion. [Cit.]" *Shaw v. State*, 239 Ga. at 692, supra. In view of our ruling that the former proceedings were a nullity and no jeopardy had attached, the trial court did not abuse its discretion in denying a continuance to develop this issue for whatever reason assigned.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED MAY 31, 1984.

Prince A. Brumfield, Jr., for appellant.
Ralph T. Bowden, Jr., Solicitor, Linda S. Finley, Assistant Solicitor, for appellee.