## A94A1266. DEAN v. THE STATE.
### (449 SE2d 158)

RUFFIN, Judge.

Appellant was charged in two separate Georgia Uniform Traffic Citations with weaving over the roadway and driving under the influence. He filed special and general demurrers to the citations on the ground that they were fatally defective because they failed to identify the specific criminal conduct and statutory provisions allegedly violated by appellant. The following week, appellant's arraignment and trial commenced in the Probate Court of Whitfield County. Appellant's trial counsel interrupted the testimony of the first witness to

assert the demurrers. After hearing argument of counsel, the court announced that it would take the matter under advisement until July 13, 1993. However, on June 21, 1993, the court, sua sponte, bound the case over to superior court without ruling on the demurrers. Contemporaneously with the entry of the "Bind-Over Order," appellant filed a written objection to the bind-over. Thereafter, a new accusation was filed in the superior court charging appellant with driving under the influence. Appellant then filed a plea of former jeopardy, which the superior court denied. The court concluded that by binding the case over to the superior court, the probate court, in effect, agreed with appellant's special demurrers and since proper accusations were not filed, the probate court proceeding was a nullity. Therefore, the prosecution could proceed in superior court. This appeal followed.

The superior court held, essentially in accordance with OCGA § 16-1-8 (d) (1) and *Roberts v. State*, 171 Ga. App. 131 (1) (319 SE2d 42) (1984), that the prosecution of appellant in superior court was not barred because the probate court lacked jurisdiction over the appellant since a proper accusation was not filed. However, the instant case is not a situation in which no accusation was filed at all, as was the case in *Roberts*. Nor are the citations deemed "improper" such that a prosecution based thereon would be a nullity since the defects cited by appellant in his demurrers were amendable. See *Gilbert v. State*, 17 Ga. App. 143 (86 SE 415) (1915); *Goldsmith v. State*, 2 Ga. App. 283 (58 SE 486) (1907). "It is well-settled that when an indictment or accusation charges a crime which is capable of being committed in more than one way, but fails to charge the manner in which the crime was committed, the indictment or accusation is subject to special demurrer because a defendant is entitled to know how the State will prove the crime charged. [Cits.]" *Scott v. State*, 207 Ga. App. 533, 535 (428 SE2d 359) (1993). Thus, contrary to the findings of the superior court, the probate court had jurisdiction over the case, and the probate court proceeding was not a nullity. Accordingly, we must determine whether the appellant was placed in jeopardy in the probate court.

The trial court held and the State argues that appellant waived the right to assert double jeopardy because the probate court proceeding was terminated in response to appellant's demurrers.

"No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. "A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly . . . in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts. . . ." OCGA § 16-

1-8 (a) (2). Termination is not improper if the "accused consents to the termination or waives by motion to dismiss or other affirmative action his right to object to the termination." OCGA § 16-1-8 (e) (1).

While it is true that the termination of the probate court trial occurred *subsequent* to appellant's demurrers, it does not necessarily follow that the bind-over to superior court was "in response" to appellant's actions since the probate court judge failed to rule on the demurrers and appellant sought from the probate court a dismissal of the citations and not merely a transfer to a different court for further prosecution.

Nonetheless, the probate court trial was terminated after the first witness was sworn and before findings were rendered by the trier of fact, and appellant, having failed to obtain a ruling on his special demurrer before the start of the trial, waived his right to challenge the citations and therefore submitted to be tried under the citations. See *Chambers v. State*, 22 Ga. App. 748, 753 (97 SE 256) (1918); OCGA § 17-7-113. Thus, appellant was placed in jeopardy in the probate court trial. Thereafter, when the trial was terminated, appellant neither consented to the bind-over to superior court nor did he perform any affirmative act by which he waived his right to challenge the court's sua sponte order. Therefore, under OCGA § 16-1-8, the probate court improperly terminated the trial, and the superior court erred in denying appellant's plea of former jeopardy.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 5, 1994.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney, Bert M. Poston, Jr., Assistant District Attorney*, for appellee.