A94A2545. ANDREW v. THE STATE.
(456 SE2d 227)

POPE, Presiding Judge.

Defendant was charged with driving under the influence and driving with an expired driver's license in two separate Georgia uniform traffic citations. On July 23, 1993, the parties appeared in the Probate Court of Gilmer County. The probate court indicated it would have an "informal hearing" on certain motions filed by the defendant. Counsel for the State and the defendant then proceeded to argue about whether the motions filed by defendant should be heard pre-trial or whether they should or could be considered once the trial commenced. Defense counsel insisted that his motion for discharge and acquittal, based on alleged defects in the traffic citations, be heard after the trial commenced, but stated that his motion in limine could be addressed pre-trial. The probate court judge finally announced "well, I think we just need to get started." The State then amended the citations. The record shows that the officer who issued the citations, Officer Lovell, was then sworn in. Defendant immediately moved for discharge and acquittal based upon the alleged defects in the traffic citations. The probate court indicated it would deny the motion, and defense counsel moved that the court's ruling be reduced to writing so that it could be immediately appealed to the superior court. After further discussion concerning an appeal to the superior court, the probate court judge, sua sponte, stated her intention to transfer the case to the superior court. Defendant opposed the transfer, and reiterated that he wanted only to appeal the probate court's denial of his motion; and that he did not want the case transferred and a trial to be conducted in superior court. Nevertheless, over defendant's objection, the probate court entered an order deny-

ing defendant's motion for discharge and acquittal and transferring the case to the superior court.

An accusation against defendant was subsequently filed in superior court. Defendant filed a plea of former jeopardy, which was denied by the superior court following a hearing. Defendant appeals that ruling.

" 'The threshold question to be addressed in any case involving double jeopardy is whether jeopardy has attached to defendant during the proceedings which he contends preclude further prosecution.' *Haynes v. State*, 245 Ga. 817, 818 (268 SE2d 325)." *Smith v. State*, 171 Ga. App. 279 (319 SE2d 113) (1984). Defendant argues his prosecution in superior court is barred because the probate court improperly terminated the first proceeding after the first witness was sworn and that further he did not consent to the termination nor was it required by manifest necessity. See OCGA § 16-1-8.

This court recently held that a defendant is placed in jeopardy when a "trial was terminated after the first witness was sworn and before findings were rendered by the trier of fact, and [defendant], having failed to obtain a ruling on his special demurrer before the start of the trial, waived his right to challenge the citations and therefore submitted to be tried under the citations." *Dean v. State*, 214 Ga. App. 768, 770 (449 SE2d 158) (1994). However, in that case, unlike the case at bar, there was no question that the trial of defendant was underway when the proceedings were terminated. In this case, the transcript from the probate court does not clearly disclose whether a trial was underway when the proceedings were terminated or whether the court was simply moving forward with its originally stated intent to conduct an "informal hearing" on defendant's motion. Contrary to defendant's argument, the swearing of the witness does not conclusively establish that the trial had commenced because sworn testimony is often given during pre-trial hearings. The transcript from the hearing on defendant's plea in bar in the superior court shows that the hearing judge, who apparently had reviewed the probate court transcript prior to the hearing, believed that what had occurred in the probate court was a hearing, not a truncated trial. Because this finding, although not demanded, is not without support, the denial of defendant's plea in bar must be affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 27, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995 — ▉

*Thomas J. Thomas, William C. Head,* for appellant.
*Roger Queen, District Attorney, William B. Britt, Assistant Dis-*

*trict Attorney*, for appellee.

