## A96A1321. BRAMBLETT v. THE STATE.
(475 SE2d 704)

McMURRAY, Presiding Judge.

Defendant was charged in an accusation in the Superior Court of Whitfield County, Georgia, with driving with a blood-alcohol concentration of .10 grams or more (Count 1), operating a motor vehicle without proof of insurance (Count 2) and driving with a suspended driver's license (Count 3). Defendant filed a plea of former jeopardy, alleging that he was tried for the same offenses in the Probate Court of Whitfield County, Georgia; that the probate court bound the case over to the superior court after a witness was sworn, without his consent, and that he "did not . . . waive his right to object to the improper termination of his trial." The undisputed evidence adduced at a hearing on this plea reveals that defendant was first accused of the above offenses in the Whitfield County Probate Court; that defendant and the arresting police officer appeared before a judge in the probate court on July 5, 1994, and that this probate court judge then announced, in open court, that she was binding the matter over to the superior court. Although defendant testified that the arresting officer was sworn and had testified when the probate court judge bound the case over to the superior court, without his consent, the judge who called defendant's case for trial in the probate court testified that no witnesses were sworn to testify at the bench trial; that she "did not hear any testimonies on the case . . ." and that defendant — acting pro se — asked her to bind his case over to the superior court as soon as he (and the arresting officer) approached the bench.[1] The trial court denied defendant's plea of former jeopardy.

The case was later tried before a jury whereupon the evidence revealed that Deputy Phillip Herron of the Whitfield County Sheriff's Office arrested defendant for drunk driving at about 7:30 in the morning on May 31, 1994, after observing defendant walking about "200, 300 feet away" from a wrecked vehicle. Deputy Herron testified that he found defendant's car in a ditch on the side of the road; that defendant was unsteady on his feet at the collision scene; that

---

[1] A probate court traffic clerk testified that defendant and the arresting police officer were sworn to testify as soon as the probate court judge called the case for trial. This clerk explained, however, that neither witness testified because defendant stated that "he'd rather have it bound over" after the probate court judge asked defendant "how did he plead. . . ." The arresting police officer testified that he does not recall who initiated binding the case over to the superior court and admitted, on cross-examination, that he does not recall whether he was sworn to testify at the bench trial or whether he testified during the probate court proceedings. Defendant and his father testified that defendant and the arresting officer were sworn as soon as they approached the bench; that the arresting officer was then given an opportunity to describe the events which are alleged to be the basis of the crimes charged and that the probate court judge unexpectedly announced, after the arresting officer's testimony, that she was binding the case over to the superior court.

defendant's eyes were bloodshot; that defendant smelled like alcohol and that, "[w]hen [defendant] was standing, he would just weave." The deputy also testified that he found the wrecked car's ignition keys in defendant's pocket; that he observed no other person at the collision scene and that he detected warmth emanating from the wrecked car's engine-bonnet. Defendant's blood alcohol concentration was .24 percent on the morning of the collision.

The jury found defendant guilty of driving with a blood-alcohol concentration of .10 grams or more (Count 1), not guilty of operating a motor vehicle without proof of insurance (Count 2) and guilty of driving with a suspended driver's license (Count 3). This appeal followed denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his plea of former jeopardy because the State conceded that jeopardy attached in the probate court by failing to file a traverse to his plea in bar. This enumeration is without merit.

"The failure to demur does not confess the action either in law or in fact, and the proof of the facts in the plea does not authorize a judgment unless the existence of those facts so authorize. *Kelly v. Strouse & Brothers*, 116 Ga. 872 (43 SE 280) (1902)." *Bell v. State*, 249 Ga. 644, 645 (1) (292 SE2d 402). In the case sub judice, defendant filed a plea of former jeopardy and offered testimony at a hearing in support of his claim that the probate court bound the case over to the superior court without his consent, after witnesses were sworn. The State challenged this testimony by way of testimony from the judge who presided over the probate court proceedings. And while the probate court judge's testimony was not undisputed, it is sufficient to authorize findings which support the trial court's denial of defendant's plea of former jeopardy. See *Rachell v. State*, 210 Ga. App. 106 (2) (b), 107 (435 SE2d 480). That is, according to the judge who called defendant's case for trial in the probate court, jeopardy did not attach in the probate court because no witnesses were sworn to testify at the bench trial. OCGA § 16-1-8 (a) (2). Compare *Dean v. State*, 214 Ga. App. 768 (449 SE2d 158). Further, this judge's testimony indicates that defendant waived his right to object to termination of the probate court proceedings by requesting the probate court judge to bind the case over to the superior court. OCGA § 16-1-8 (e) (1). Accordingly, since defendant received a fair and impartial hearing on the merits of his plea of former jeopardy and since defendant does not show how the State's failure to demur to his plea has prejudiced him, we find this enumeration of error to be without merit.

2. The trial court did not err in allowing evidence of defendant's prior conviction for driving under the influence of alcohol to an extent that it was less safe for him to drive. The evidence was relevant to

establish defendant's bent of mind and course of conduct. See *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638).

3. Defendant contends the trial court improperly sentenced him beyond the maximum sentence prescribed by OCGA § 40-5-121 (a) for his first conviction, within five years, for driving with a suspended driver's license. The State concedes that defendant's 12 month sentence for this offense exceeds OCGA § 40-5-121 (a)'s six month limit for a first conviction, within five years, for driving with a suspended driver's license. Under these circumstances, we are compelled to remand the case sub judice to the trial court for a hearing to determine and impose a lawful and appropriate sentence for defendant's conviction for driving with a suspended driver's license.

*Judgment affirmed as to conviction and sentence in Count 1; judgment affirmed as to conviction in Count 3, with sentence in Count 3 vacated and case remanded for resentencing. Johnson and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 9, 1996.

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.