A98A2136. HENDERSON v. THE STATE.
(510 SE2d 879)

Judge Harold R. Banke.

Sandy W. Henderson challenges the denial of his plea in bar alleging double jeopardy violations.

Henderson was originally charged in Harris County Superior Court with the offenses of habitual violator, driving under the influence ("DUI"), and open container. After learning that one of the DUIs on Henderson's record was void, the State consented to the entry of an order of nolle prosequi on the habitual violator charge. The State also agreed to transfer the remaining misdemeanor charges, of DUI and open container, to probate court for disposition.

When Henderson appeared for trial in probate court, he filed

various motions to suppress and in limine. He also moved to quash the DUI charge, arguing that the accusation failed to allege the charge with sufficient specificity to allow him to properly prepare his defenses. The State did not oppose the motion to quash, but shortly after that motion was asserted, it moved to transfer the case back to superior court, postponing trial on the open container charge.[1] The parties subsequently filed written briefs on this issue.

Between the time that Henderson filed his motions and the State responded to the motion to quash, it is undisputed that three witnesses were sworn. The probate judge testified that she could not remember a specific instance where she did not swear in the witnesses before hearing motions. She also testified that to save time she swore in the witnesses first so they could testify at the motions hearings as well as at trial. None of the witnesses testified.

When the probate court transferred the case back to superior court, the State indicted Henderson for DUI and open container. Henderson then filed the plea in bar at issue here. After hearing argument, the superior court summarily rejected Henderson's double jeopardy argument, and Henderson lodged this appeal. *Held:*

Double jeopardy bars prosecutions in bench trials when the accused was previously prosecuted for the same crime based upon the same material facts and the initial trial was improperly terminated after the first witness was sworn but before findings were rendered by the trier of facts. OCGA § 16-1-8 (a) (2).

Here, the initial proceeding was not recorded. However, the probate court's order on Henderson's motion to quash specifies that the trial had not yet started. Moreover, the transcript in superior court on Henderson's plea in bar indicates that the probate judge who presided over the initial proceeding was hearing motions when the witnesses were sworn, rather than commencing trial. In light of this evidence, we cannot say that the superior court erred in finding that the trial never commenced. See *Andrew v. State*, 216 Ga. App. 819, 820 (456 SE2d 227) (1995). "Contrary to defendant's argument, the swearing of the witness does not conclusively establish that the trial had commenced because sworn testimony is often given during pretrial proceedings." Id. In this case, jeopardy had not yet attached.

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED JANUARY 12, 1999 —
RECONSIDERATION DENIED JANUARY 22, 1999 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Larkin M. Lee,*

---

[1] Although the State ordinarily does not participate in trials in probate court, an assistant district attorney appeared on its behalf at the request of an arresting officer.

*Eric D. Hearn, Bentley C. Adams III*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.

