A03A1029. TREMELLING v. THE STATE.
(587 SE2d 785)

MILLER, Judge.

Brett P. Tremelling was charged in recorder's court with DUI. He moved to suppress certain evidence and requested a pre-trial hearing. Following the hearing, the recorder's court dismissed the charge. The State refiled this charge in state court, and Tremelling filed a plea in bar based on double jeopardy. The state court denied the plea in bar, finding that the motions hearing before the recorder's court was not a trial and that therefore jeopardy had not attached. Tremelling appeals this order, claiming that the hearing before the recorder's court was a trial and also arguing that collateral estoppel required that his plea in bar prevail. We hold that (1) evidence supported the finding that the hearing was not a trial and (2) Tremelling did not argue collateral estoppel below. Accordingly, we affirm.

An officer found Tremelling bleeding in a steaming, stopped car that reeked of alcohol and that appeared to have struck a power pole. Emergency personnel transported Tremelling to a local hospital for treatment, where the officer read him the appropriate implied consent notice (see OCGA § 40-5-67.1 (b)) and asked Tremelling if he would agree to take a chemical sobriety test. Tremelling declined. Based on Tremelling's speech, gaze, odor, and results on an alcosensor test, the officer concluded Tremelling was less safe to drive

and arrested him. A uniform traffic citation filed in recorder's court charged him with DUI.

Arguing that the officer had waited too long to give him the implied consent notice, Tremelling moved the recorder's court to suppress the evidence of his refusal to take the test and requested a hearing on the motion. On February 9, 2001, the recorder's court held the hearing, in which the officer testified to the facts set forth above. The court took the matter under advisement, and in a second proceeding a month later, the court announced that it was dismissing the charge. The State protested, pointing out that only the motion to suppress was pending and that the State had not yet had the opportunity to present its evidence at a trial. The court nevertheless confirmed that it was dismissing the case and wrote the dismissal order on the UTC.

Rather than appealing, the State refiled the DUI charge in state court in the form of an accusation. The State added two new charges (reckless driving and failure to notify after hitting a fixed object). Citing the same grounds asserted in recorder's court, Tremelling again moved to suppress the evidence of his refusal to take the chemical sobriety test. He also filed a plea in bar based on double jeopardy. The state court denied the plea in bar, finding that based on its review of the record (which included the recorder's court transcripts), only a motions hearing, not a trial, took place in recorder's court. In a separate order a few weeks later, the state court denied Tremelling's motion to suppress.

Tremelling challenges only the order denying his plea in bar. He argues that the hearing before the recorder's court was in fact a trial, and that since a witness was sworn and heard, jeopardy attached. He also raises a new argument, contending that under the doctrine of collateral estoppel, the State could not pursue the state court prosecution.

1. Citing constitutional provisions and OCGA § 16-1-8 (a) (2), Tremelling argues that the state court prosecution was barred since the former prosecution was terminated improperly "in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts. . . ." OCGA § 16-1-8 (a) (2). As noted in *Perkinson v. State*, 273 Ga. 491, 496 (2), n. 3 (542 SE2d 92) (2001), a defendant is not placed in jeopardy in a criminal proceeding until he is put to trial before the trier of facts.

The flaw in Tremelling's argument is that the state court found that there was no trial in the recorder's court. We are bound to uphold such a finding if there is evidence to support it. *Andrew v. State*, 216 Ga. App. 819, 820 (456 SE2d 227) (1995); see *Henderson v. State*, 236 Ga. App. 72, 73 (510 SE2d 879) (1999). Contrary to Tremelling's argument, the swearing of the officer witness did not

establish that the trial had commenced, since sworn testimony is often given during pre-trial proceedings such as motions hearings. *Henderson*, supra, 236 Ga. App. at 73. The transcript of the hearing is replete with references indicating that it was simply a motions hearing, not the trial. A motion to suppress hearing, even with sworn testimony, does not trigger double jeopardy safeguards. *Andrew*, supra, 216 Ga. App. at 820; *Waters v. State*, 177 Ga. App. 374, 375-376 (1) (339 SE2d 608) (1985); cf. *Chastain v. State*, 158 Ga. App. 654, 655 (281 SE2d 627) (1981).

The state court did not err in finding that no trial commenced in recorder's court and that therefore jeopardy never attached.

2. Tremelling's second argument is that the doctrine of collateral estoppel precluded the State from pursuing the state court prosecution. However, Tremelling failed to raise this argument below in state court. "To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, 'He must stand or fall upon the position taken in the trial court.'" (Punctuation and footnote omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). Therefore, we do not consider issues raised for the first time on appeal since the trial court has not had opportunity to consider them. *Dorsey v. State*, 251 Ga. App. 640, 642 (2) (554 SE2d 278) (2001).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 11, 2003 —
RECONSIDERATION DENIED SEPTEMBER 26, 2003 — 

*Steven E. Scheer*, for appellant.
*Spencer Lawton, Jr., Solicitor-General, Jennifer L. Parker, Assistant Solicitor-General*, for appellee.