## A07A1013. THOMAS v. THE STATE.
(650 SE2d 793)

MILLER, Judge.

Cora Bett Thomas was charged with driving under the influence ("DUI") and failure to yield in the Recorder's Court of Chatham County. In an unappealed order, the recorder's court granted Thomas's motion to suppress and/or motion in limine ("motion in limine")[1] and dismissed the charges, finding that no reasonable articulable suspicion warranted the traffic stop in issue. The State thereafter filed an accusation in the State Court of Chatham County accusing Thomas of the same offenses dismissed in the recorder's court. Thomas filed a further motion in limine and a plea in bar based upon claims of double jeopardy and collateral estoppel. Thomas now appeals that ruling and renews her claims of double jeopardy and collateral estoppel. Discerning no error, we affirm.

It is undisputed that there was no trial in the recorder's court, only a hearing on Thomas's motion in limine. As Thomas concedes by her appellate brief, "[a] motion [in limine] hearing, even with sworn testimony, does not trigger double jeopardy safeguards. [Cits.]" *Tremelling v. State*, 263 Ga. App. 418, 420 (1) (587 SE2d 785) (2003). In *Tremelling*, this Court held that despite the dismissal of a DUI by a recorder's court at such a hearing, double jeopardy did not preclude the State from charging the defendant with DUI in the state court. Id. While Thomas would have us hold otherwise, we decline to do so.

Further, we find no merit in Thomas's claim of collateral estoppel in bar of the prosecution against her in state court.

> The doctrine of collateral estoppel is embodied in the federal constitutional guarantee against double jeopardy, and it means that when an issue of ultimate fact has once been determined by a valid and final judgment, it cannot be litigated again between the same parties in a future lawsuit. [Cit.]

*Syas v. State*, 273 Ga. App. 161, 162 (1) (614 SE2d 803) (2005).

A motion in limine is a proper pretrial means by which the movant seeks "not a *final* ruling on the admissibility of evidence, but only to prevent the mention by anyone, during [the course of the] trial, of a certain item of evidence or area of inquiry until its admissibility can be determined[, or, as here,] a ruling on the admissibility of evidence prior to the trial." (Citations omitted; emphasis in original.)

---

[1] Although styled in part as a motion to suppress, the trial court was permitted to treat the motion as a motion in limine. *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543) (1982), citing *Wiggins v. State*, 249 Ga. 302, 303 (1) (b) (290 SE2d 427) (1982).

*Johnston*, supra, 249 Ga. at 415 (3). Inasmuch as such ruling is subject to modification at trial to prevent manifest injustice, id., it does not result in a final judgment limiting issues under the doctrine of collateral estoppel or bar another trial. *Helton v. State*, 217 Ga. App. 691, 693 (1) (c) (458 SE2d 872) (1995); see also OCGA § 16-1-8 (a) (2) ("A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly . . . , in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts or after a plea of guilty was accepted by the court.").

Given the foregoing, the state court properly denied Thomas's motion in limine and plea in bar seeking to foreclose her prosecution for driving under the influence and failure to yield.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 7, 2007.

*Nathan T. Williams, Steven E. Scheer*, for appellant.

*Spencer Lawton, Jr., District Attorney, Sarah L. Moorhead, Assistant District Attorney*, for appellee.